227 So.2d 519 (1969)
Stephen GALLICHIO, Appellant,
v.
CORPORATE GROUP SERVICE, INC., a Florida Corporation, Appellee.
No. 68-998.
District Court of Appeal of Florida. Third District.
October 21, 1969.
*520 Meyer, Leben, Fixel & Gaines, P.A., and John H. Lewis, Hollywood, for appellant.
Mathews, Osborne & Ehrilich, Jacksonville, for appellee.
Before PEARSON, C.J., and CHARLES CARROLL and SWANN, JJ.
PEARSON, Chief Judge.
The appellant, a workman on a drydock, fell and suffered injuries when a ladder collapsed. He received benefits for his injuries pursuant to the Longshoremen's and Harbor Workers' Act, 33 U.S.C., Chapter 18, and then filed a negligence complaint against the appellee, Corporate Group Service, Inc., alleging a right to recover for the same injuries. The complaint was dismissed and this appeal followed.
The complaint alleged that at the time of the accident appellant's employer was a self insurer for workmen's compensation, that the employer had entered into a contract with the appellee (which contract imposed upon the appellee the duty to make safety inspections of the employer's premises), that this contractual duty was negligently performed, and that as a result the appellant was injured.
The motion to dismiss alleged:
"* * * that plaintiff sustained a compensable injury arising out of and in the course of his employment and has been furnished benefits under the U.S. Longshoremen and Harbor Workers' Compensation Act, and plaintiff's exclusive remedy is under said Act; that defendant is not a third party tortfeasor, and plaintiff has failed to allege reliance on the alleged acts of this defendant."
We must decide (1) whether the allegations of the complaint were sufficient to state a cause of action under the third-party beneficiary rule, and (2) whether § 905 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. Chapter 18, bars the appellant's action.
Redress for injuries caused by the allegedly negligent performance of a contractual duty is properly sought through a tort action. Banfield v. Addington, 104 Fla. 661, 140 So. 893, 896 (1932). The question here is whether one not a party to the contract creating the duty alleged to *521 have been negligently performed may maintain an action. We hold that he may.
The right of a third party to sue upon a contract which is ostensibly for his benefit has been consistently recognized in this state. Hunter v. Wilson, Stearly & Co., 21 Fla. 250 (1885); Cherry Lake, Inc. v. Kearce, 157 Fla. 484, 26 So.2d 434 (1946); Morse v. Hendry Corporation, Fla.App. 1967, 200 So.2d 816. This right has been given liberal scope in Florida. See cases cited at 5 F.L.P. Contracts § 48. We hold that the allegations of the complaint are sufficient to bring the appellant within the third party beneficiary rule and that therefore the complaint is sufficient to state a cause of action.
Appellee cites Sickler v. Indian River Abstract & Guaranty Co., 142 Fla. 528, 195 So. 195 (1940), and Canaveral Capital Corporation v. Bruce, Fla.App. 1968, 214 So.2d 505, as authority for a contradictory holding. The rule set forth in those cases is that a defendant is not liable for a negligent act to a plaintiff with whom he is not in privity unless the defendant has knowledge that the plaintiff would rely on the act. In the present case the allegations of the complaint lead to the inescapable inference that all drydock workers (including the appellant) of the employer with whom the appellee contracted might be harmed if the appellee negligently performed its contractual duty to make safety inspections. Privity is not required in such circumstances. See Nelson v. Union Wire Rope Corporation, 31 Ill.2d 69, 199 N.E.2d 769, 779-780 (1964); cf. Morse v. Hendry Corp., Fla.App. 1967, 200 So.2d 816. This conclusion is reinforced by the reasoning of Justice Terrell in Matthews v. Lawnlite Company, Fla. 1956, 88 So.2d 299. Cf. Manheim v. Ford Motor Company, Fla. 1967, 201 So.2d 440. We hold that one who may foreseeably be injured by the negligent performance of a contractual duty has the right to maintain an action against the allegedly negligent performer even though he is not in privity with that performer.
We also hold that the complaint was sufficient to charge the appellee with being a third party tortfeasor whether the appellee be regarded as an independent contractor (see Putnam Lumber Co. v. Berry, 146 Fla. 595, 2 So.2d 133 [1941]; 41 Am.Jur.2d Independent Contractors § 48, p. 817) or as appellant's fellow employee (see Frantz v. McBee Company, Fla. 1955, 77 So.2d 796).
Appellee has furnished us with no authority for its assertion of immunity under § 905 of the Longshoremen's and Harbor Workers' Act. Our research reveals divided authority concerning the question whether an employer's compensation insurer is immune from a negligence action by an injured employee. See cases cited in Annot. 93 A.L.R.2d 593 (1964) and supplement thereto; and Burns v. State Compensation Insurance Fund, Cal. App. 1968, 71 Cal. Rptr. 326 (immune); Nelson v. Union Wire Rope Corporation, 31 Ill.2d 69, 199 N.E.2d 769 (1964) (liable [construing Chapter 440, Fla. Stat., F.S.A.]); Matthews v. Liberty Mutual Insurance Company, 354 Mass. 470, 238 N.E.2d 348 (1968) (immune); Brown v. Travelers Insurance Company, Pa. 1969, 254 A.2d 27. The complaint does not allege that appellee occupies the position of an insurer. Therefore a decision as to whether the foregoing cases would be applicable cannot be made upon this motion to dismiss. We hold that under the allegations of the complaint as above set forth immunity from suit under the Longshoremen's and Harbor Workers' Act does not appear.
Accordingly, the judgment dismissing the complaint is reversed and the cause remanded to the trial court with directions to enter an order fixing the time for answer.
Reversed and remanded with directions.