243 So.2d 454 (1971)
Jessie Lee ALLEN, Appellant,
v.
EMPLOYERS SERVICE CORPORATION, Appellee.
No. 69-577.
District Court of Appeal of Florida, Second District.
January 13, 1971.
*455 John A. Lloyd, Jr., of Masterson, Lloyd, Sundberg & Rogers, St. Petersburg, for appellant.
Vernon W. Evans, Jr., of Shackleford, Farrior, Stallings & Evans, Tampa, for appellee.
McNULTY, Judge.
Jessie Lee Allen, injured in the course of his employment and having received workmen's compensation benefits, sued appellee as a third party tort-feasor. In directing a verdict in favor of the defendant-appellee the trial judge determined that as a matter of law appellee was immune from suit under the circumstances of this case. This appeal ensued and we affirm.
Appellant's employer contracted with appellee for the latter to furnish inspection and advisory services relating to the safety of employees. The suit is based on the negligent performance of appellee's duties in the premises; but appellee contends that it is entitled to the same immunity as the "employer" given under the provisions of § 440.11, F.S. 1969, F.S.A. The precise question for determination, then, is whether or not a servicing agent, performing the duties as undertaken by the appellee herein, may be sued as a third party tort-feasor by an injured employee for alleged negligence in the undertaking.
Recognizing that this is a case of first impression in Florida, the trial judge, in a carefully prepared opinion and judgment, cogently reviewed the authority from other jurisdictions in which compensation insurance carriers, even though (as in Florida) not expressly given immunity along with employers under the various workmen's compensation laws of those respective states, were held to have such immunity nonetheless. The reasons therefore are well stated in those cases.[1] By analogy the trial judge placed appellee in the same category as a compensation carrier. We think he was correct.
Anyone who stands in the shoes of an employer or who, in privy with the employer or his privies, undertakes to perform or assist in the performance of the statutory duties imposed on the employer by § 440.56, F.S. 1969, F.S.A. (e.g., by inspecting and advising as to the safety of employees), should be immune from suit as a third party tort-feasor, by an employee covered under the workmen's compensation program, as is an "employer" within the contemplation of § 440.11, supra. We are convinced this is the sounder rationale.[2] In truth, our workmen's compensation program imposes liability on employers for compensation benefits to injured employees regardless of whether the employer performs his statutory duties to maintain safe working conditions or not; and it confers no greater benefits upon the employee if he does not.[3] A view contrary to that taken *456 here would be to suppose that the legislature intended to permit the existence of an effective deterrent to employers, and indeed to compensation carriers, from employing expert service companies to inspect and advise concerning safety for employees. Potential third party liability on the part of such service companies would operate as such a deterrent to their employment because fees or charges for their services would necessarily have to take into account the greater risk of such liability to an injured employee who, under the program, has fixed benefits in any event. Every encouragement, rather than deterrent, should be held out to employers so as to increase the safety of employees while tending commensurately to reduce the overall costs of the entire workmen's compensation program.
Appellee relies heavily on the decision of our sister court in the third district in Gallichio v. Corporate Group Service, Inc.[4] That case is inapplicable here, however, because that court expressly did not decide whether a service company, such as the appellee here occupies the position of an insurer who in turn would stand in the shoes of an "employer" under § 440.11, supra. Unlike here, the question was not before that court.
In view of the foregoing, therefore, a directed verdict was proper in this case and the judgment appealed from should be, and it is, affirmed.
LILES, Acting C.J., concurs.
MANN, J., dissents with opinion.
MANN, Judge (dissenting).
I cannot stretch the meaning of the word "employer" to include a defendant which clearly is not an employer, nor can I stretch my concept of office to include legislative as well as judicial functions. The legislature  which has the authority to do so  has enlarged the immunity to include those in appellant's position. Laws of Fla. c. 70-25. I dissent for reasons better explained by Judge Pearson in Gallichio v. Corporate Group Service, Inc., Fla.App. 1969, 227 So.2d 519, with which the opinion of the majority is in conflict. See also Nelson v. Union Wire Rope Corp., 1964, 31 Ill.2d 69, 199 N.E.2d 769. I agree with the majority there that "employer" does not include one engaged to perform safety inspections for an employer and with Justice Schaefer's view that reliance on that third party is a prerequisite to recovery.
Each of the cases cited in footnote 1 to Judge McNULTY'S opinion makes reference to the Florida statute as differing substantially from the statutes there under construction. Bartolotta v. United States, D. Conn. 1967, 276 F. Supp. 66 at 73;[1] Mustapha v. Liberty Mutual Insurance Co., D. *457 R.I. 1967, 268 F. Supp. 890 at 895;[2] Donohue v. Maryland Casualty Co., D.Md. 1965, 248 F. Supp. 588 at 591.[3]
I respectfully dissent.
NOTES
[1] See, e.g., Bartolotta v. United States, (D.Conn. 1967) 276 F. Supp. 66; Mustapha v. Liberty Mutual Insurance Co., (D.R.I. 1967) 268 F. Supp. 890, aff'd, (1st Cir.1967) 387 F.2d 631; Donohue v. Maryland Casualty Co., (D.Md. 1965) 248 F. Supp. 588, aff'd (4th Cir.1966) 363 F.2d 442.
[2] Indeed, the legislature has now expressed concurrence with such rationale, as a policy, by its amendment to § 440.11, F.S. 1969, F.S.A., in which compensation carriers and service companies such as appellee are specifically given immunity from third party tortfeasor liability to an injured employee when acting for and in behalf of an employer in carrying out the employer's responsibilities under the statute. See, Laws of Florida, Chapter 70-25.
[3] The only penalty for failure to perform these duties is a civil fine imposable by the industrial relations commission. See, § 440.56(8), F.S.A.
[4] (Fla.App. 1969) 227 So.2d 519.
[1] "In Nelson v. Union Wire Rope Corp., supra, involving the Florida Workmen's Compensation Act, the Supreme Court of Illinois made it clear that its decision to hold the carrier amenable to suit as a third person was based on the distinctive features of that act. In discussing the weight of authority holding the insurer immune from suit, the court said:

`The ratio decidendi in all of the cases was that since the acts expressly charged the carriers with the liability of the employer, the carrier was likewise entitled to the immunities of an employer.
`The Florida act has no comparable provision which expressly makes the insurer primarily and directly liable to an injured employee, and neither does it make express provision which permits the liability of the insurer to be substituted for the liability of the employer.'
The Connecticut Act, as indicated above, provides for such primary and direct liability on the part of the insurer."
[2] "It must follow that if the Florida act had a provision similar to Section 28-36-5, the court would have decided that the workmen's compensation insurer does share the immunity of the employer from a third party action."
[3] "Plaintiffs' other authorities cited above arise under statutes different in divers and diverse respects from the Maryland Workmen's Compensation Act. I am satisfied, however, that the differences in the statutes construed do not explain the difference in results. Rather, the difference in results are explainable only by differences in approach to the construction of Workmen's Compensation statutes, i.e., differences in philosophy of interpretation. * * *"