LILES, Judge.
Houston Pyles, plaintiff, was injured while in the course of his employment and was therefore covered by Florida Workmen’s Compensation Act. Following the accident, he was admitted to the Sarasota Memorial Hospital in Sarasota, Florida, and rendered treatment by the defendants. Subsequently, Pyles instituted a common law action against the physicians, Drs. Thomas, Bridges and Walch, and Sarasota County Public Hospital Board, alleging that the treatment rendered him was done negligently. Defendants assert that since the medical treatment was done and paid for under Section 440.13 of the Workmen’s Compensation Act, they share in the immunity from suit which is conferred upon the employer under Section 440.11 of said Act.
Pursuant to Florida Appellate Rule 4.6, 32 F.S.A., the trial judge of Sarasota County has certified the following question to this court:
DO PHYSICIANS AND HOSPITAL WHO RENDER MEDICAL SERVICE TO ANY EMPLOYEE UNDER SECTION 440.13, FLORIDA STATUTES (WORKMEN’S COMPENSATION ACT), SHARE IN THE IMMUNITY FROM COMMON LAW SUIT CONFERRED UPON AN EMPLOYER UNDER SECTION 440.11 OF SAID ACT WHERE IT IS ALLEGED IN A SUIT BROUGHT BY THE EMPLOYEE AGAINST SAID PHYSICIANS AND HOSPITAL THAT SAID SERVICES WERE PERFORMED NEGLIGENTLY AND WHERE THE *725 EMPLOYEE HAS RECEIVED FULL BENEFITS UNDER THE WORKMEN’S COMPENSATION ACT?
Defendants rely for an affirmative answer to this question on this court’s decision in Allen v. Employers Service Corporation, Fla.App.1971, 243 So.2d 454. They admit that the case did not deal with the precise issue of a physician’s tort immunity under the workmen’s compensation statute, but urge that this decision is dispositive of the certified question. The Allen case involved a suit for negligence against a service company which had furnished the employer with inspection and advisory services relating to the safety of employees. In that case, the service company was made a party-defendant and the trial judge ruled that the immunity from common law tort liability extended to the service company under the provisions of Fla.Stat. § 440.11, F.S.A. This case is clearly distinguishable from the instant case in that the service company was in direct privity with the employer, was then on the premises performing his service at the time of the accident, and was an active participant in the company’s activities as they related to the safety of the employees.
In the instant case while services performed by the doctors and hospital were performed pursuant to Fla.Stat. § 440.13, F.S.A., (Workmen’s Compensation Act) they were done subsequent to and independently of services rendered to the employer. In other words, the services rendered by the doctors and hospital were a new undertaking.
We believe the great weight of authority throughout the country dictates that this question be answered in the negative and that the doctors and hospital rendering services to an injured employee under the Workmen’s Compensation Act do not share in the immunity afforded the employer.
The question is answered in the negative.
PIERCE, C. J., and McNULTY, J., concur.