PER CURIAM.
Certiorari was tentatively granted because it initially appeared that the per cur-iam affirmance rendered below, reported at 249 So.2d 695 (2nd D.C.A.Fla.1971), might be in conflict with Gallichio v. Corporate Group Service, Inc., 227 So.2d 519 (3rd D.C.A.Fla.1969).
On further review, we find the cases to be consistent. In Gallichio, an injured worker covered by the Longshoremen and Harbor Worker’s Act, 33 U.S.C., Chapter 18, filed a negligence complaint against a servicing corporation which had contracted to make safety inspections of the employer’s premises. It was alleged that the corporation was negligent in the performance of its safety inspections, and that the worker was a third party beneficiary of the servicing contract. The corporation countered with a motion to dismiss, contending that: the federal compensation act was the exclusive remedy; no reliance on the inspections was alleged; the corporation was not a third party tortfeasor. The cause was dismissed, pursuant to this motion.
On appeal, the Third District Court reversed, holding that the complaint was sufficient to survive under both the third party beneficiary and the third party tort-feasor theories. The District Court noted that on appeal the corporation asserted immunity under the compensation act, but it concluded that this was not a question applicable to the motion to dismiss, since the servicing corporation was not alleged to be an insurer in the complaint. Thus, no ruling was made on the immunity issue. We are not the first appellate court that has come to this conclusion; see Allen v. Employers Service Corporation, 243 So.2d 454 (2nd D.C.A.Fla.1971), cert. den., 248 So.2d 167 (Fla.1971).
In the instant case, contrary to Gallichio, the prime issue was the immunity of a workmen’s compensation carrier that conducted its own safety inspections. The complaint below stated that the respondent insurance carrier was negligent in the performance of its inspection duties. No intermediate servicing corporation was involved in the complaint. A motion to dismiss was granted on the basis of the car *822 rier’s assumed immunity to tort suit under Fla.Stat. § 440.11 (1969), F.S.A. The dismissal was affirmed on appeal below with a citation to Allen v. Employers Service Corporation, supra; one judge dissented for the reasons appearing in the dissent to the majority decision in the Allen case.
The direct conflict essential for the vesting of jurisdiction in this Court under Article V, Florida Constitution, F.S.A., is absent here. Therefore, the writ heretofore granted should be, and hereby is, dismissed as improvidently issued.
It is so ordered.
ERVIN, Acting C. J., and CARLTON, ADKINS, BOYD and DEKLE, JJ., concur.