PER CURIAM.
By this appeal, plaintiff in the trial court seeks review of an adverse final judgment dismissing the complaint in the lower court with prejudice.
From the record on appeal, it appears that one Edward Donald Conklin, husband of the plaintiff Joan Conklin, was employed as a workman on a building being erected in the City of Miami Beach, known as Arlen Beach Apartments when a scaffolding broke and he plunged 17 stories to his death. As a result thereof, the plaintiff brought an action against the appel-lees, Cohen, Levine, Rose, and Schmincke, d/b/a Arlen Beach Apartments and/or Arlen Two Company and/or Normal of Florida, Inc., as owners of the building; Morris Lapidus, the architect; Oboler and Clark, Inc., the engineering firm; the City of Miami Beach; and Zurich Insurance Company, the workmen’s compensation carrier for the contractor and subcontractor. The complaint basically alleged each of the appellees negligently breached their duty to provide the deceased with a safe place to work by failing to see that certain safety regulations were followed. It also alleged that the deceased was a third party beneficiary of certain agreements between some of the defendants. The appellees moved to dismiss the complaint for failure to state a cause of action and, after hearing thereon, the trial court entered the order of dismissal with prejudice. This appeal ensued. We affirm.
As to the owners, from the allegations of the complaint they were acting in concert with the general contractor and, therefore, they were entitled to the benefit of the immunity provided by § 440.11, Fla. Stat., F.S.A. As to the architect, the contract establishing his relationship with the project was not attached to the complaint. But, it is apparent that he would be entitled to the benefits of the decision in Allen v. Employers Service Corporation, Fla.App.1971, 243 So.2d 454. As to the engineers, their contract was with the general contractor and they were likewise entitled to the benefits of the decision in Allen v. Employers Service Corporation, supra. Further, it is apparent that they had no duty under their express contract to make safety inspections. As to the City of Miami Beach, it was conceded that there was no liability as to it, based on the decision of Modlin v. Washington Avenue Food Center, Inc., Fla.App.1965, 178 So.2d 596, affirmed Modlin v. City of Miami Beach, Fla.1967, 201 So.2d 70. As to the compensation carrier, having discharged its responsibility under the workmen’s compensation act as a result of the death of the *719 deceased, it was discharged from liability. Allen v. Employers Service Corporation, supra.
Counsel for the appellant urges that the decision in Allen v. Employers Service Corporation, supra, is in conflict with this court’s decision in Gallichio v. Corporate Group Service, Inc., Fla.App.1969, 227 So.2d 519. However, we note that the two cases are distinguishable. In Allen v. Employers Service Corporation, supra, as in the instant matter, there was an allegation that the compensation carrier conducted the safety inspections whereas no such allegation was contained in the complaint contained in the case of Gallichio v. Corporate Group Service, Inc., supra, [decided by this court] which deficiency was noted in the opinion rendered by this court. Counsel also relies heavily on Nelson v. Union Wire Rope Corp., 31 Ill.2d 69, 199 N.E.2d 769, decided by the Illinois Supreme Court in determining our workmen’s compensation act. This decision, of course, would not be binding on us and it is also not persuasive. We hold that the Second District Court of Appeal, in Allen v. Employers Service Corporation, supra, correctly set forth the responsibility of the compensation carrier when it is also charged with the responsibility of making safety inspections. Even though the Legislature [subsequent to the decision in Nelson v. Union Wire Rope Corp., supra, and subsequent to the accident in this case] amended § 440.11 of the Florida Statutes, F.S.A., to make it clear that a carrier would not be liable in these circumstances, we do not find that the enactment of this statute created an additional immunity to the carrier but merely clarified what already had been held to be the law in Allen v. Employers Service Corporation, supra.
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.
Affirmed.