286 So.2d 21 (1973)
Lester T. CARROLL and Lorene Carroll, His Wife, Appellants,
v.
ZURICH INSURANCE COMPANY, an Illinois Corporation, Appellees.
No. S-408.
District Court of Appeal of Florida, First District.
December 4, 1973.
Anthony I. Provitola of Provitola & McDermott, DeLand, for appellants.
Ronnie H. Walker, Lawrence O. Sands, of Sands, Smallbein, Eubank, Johnson, Rosier & Bussey, Orlando, and Edna L. Caruso of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellees.
DREW, E. HARRIS, (Ret.), Associate Judge.
The question presented for decision here is whether a Workmen's Compensation Carrier has the immunity of its insured employer against a common law action by an employee under Section 440.11, F.S.A. as it existed prior to July 1, 1970.[1]
*22 The question here has been thoroughly considered and passed on by the District Court of Appeal, Second District, in Gallichio v. Corporate Group Service, Inc., 227 So.2d 519, Allen v. Employers Service Corporation, 243 So.2d 454 (certiorari denied by Supreme Court, 248 So.2d 167); Bowman v. Employers Mutual Liability Insurance Company of Wisconsin, 249 So.2d 695 (certiorari dismissed by Supreme Court, 261 So.2d 821); Bruce W. Little Plumbing Company, Inc. v. Liberty Mutual Insurance Company, 260 So.2d 856. The Third District Court of Appeal in a recent case[2] discusses and analyzes the cases of the Second District above cited, and concludes as did the Second District, that a Workmen's Compensation Insurance Carrier was immune from common law liability for negligence in performing inspections of the employer's premises.
We join our sister Courts without reservation in their conclusions. We particularly concur in and approve the following observation from the Third District, in Conklin v. Cohen, supra, on the broad aspect of the question, viz:
"As to the compensation carrier, having discharged its responsibility under the workmen's compensation act as a result of the death of the deceased, it was discharged from liability. Allen v. Employers Service Corporation, supra.
"Counsel for the appellant urges that the decision in Allen v. Employers Service Corporation, supra, is in conflict with this court's decision in Gallichio v. Corporate Group Service, Inc., Fla.App. 1969, 227 So.2d 519. However, we note that the two cases are distinguishable. In Allen v. Employers Service Corporation, supra, as in the instant matter, there was an allegation that the compensation carrier conducted the safety inspections whereas no such allegation was contained in the complaint contained in the case of Gallichio v. Corporate Group Service, Inc., supra, [decided by this court] which deficiency was noted in the opinion rendered by this court."
This problem has been accented here and in other jurisdictions by the decision of the Supreme Court of Illinois in the Nelson case,[3] in which that court undertook to construe our Workmen's Compensation Act and to determine the public policy of this state in that area. There, that court reached the conclusion that "* * * we think the Florida legislature would have expressly granted tort immunity to insurers had that been its intent." With this conclusion, and the reasoning by which it was reached in the decision, we do not agree. From the beginning our courts have, so far as immunity in the sense used here is concerned, considered "employer and insurer", "employer-carrier" in the same context. The courts, the administrative agencies under the Act, and members of the bar have consistently and constantly considered them as interchangeable words so far as this question is concerned. These observations are fortified by the Amendment to the Act itself in 1971, supra.
We also concur in and adopt this additional language of Conklin v. Cohen:
"Counsel also relies heavily on Nelson v. Union Wire Rope Corp., 31 Ill.2d 69, 199 N.E.2d 769, decided by the Illinois Supreme Court in determining our workmen's compensation act. This decision, of course, would not be binding on us and it is also not persuasive. We hold that the Second District Court of Appeal, in Allen v. Employers Service Corporation, supra, correctly set forth the responsibility of the compensation carrier when it is also charged with the responsibility of making safety inspections. Even though the Legislature [subsequent to the decision in Nelson v. Union Wire Rope Corp., supra, and subsequent to the accident in this case] amended § 440.11 of the Florida Statutes, F.S.A., to make *23 it clear that a carrier would not be liable in these circumstances, we do not find that the enactment of this statute created an additional immunity to the carrier but merely clarified what already had been held to be the law in Allen v. Employers Service Corporation, supra."
Larson's Workmen's Compensation Law, Paragraph 72.90 discusses at length this question of an "Insurer as Third Party." It is interesting to note there that in the few jurisdictions where the courts have construed these acts to hold the insurer to be a third party, the Legislatures of several of those have voided the effect of such decisions by subsequent amendments. The great weight of authority supports the views we and our sister District Courts have reached.
The additional question, viz, whether the granting of immunity to workmen compensation insurance carriers by the enactment of Section 440.11(2), Florida Statutes, F.S.A., conforms to the requirements of the Florida Constitution requires little discussion. Assuming that this appellant has standing to raise this question, a very doubtful assumption, we think it has been long since set at rest by previous decisions of the Supreme Court. The Frantz[4] decision cited by appellant is a weak crutch to lean on. No legislative grant of immunity was involved in that case. That decision's obiter implies that such a legislative act would be clearly constitutional. The rationale of other cases clearly dispel the notion that such legislation is constitutionally infirm.[5]
We find no error in the judgment under review. It is, therefore,
Affirmed.
RAWLS, C.J., and WIGGINTON, J., concur.
NOTES
[1] This statute was amended subsequent to the date this cause of action accrued and the Illinois decision in Nelson v. Union Wire Rope Corporation (1964) 31 Ill.2d 69, 199 N.E.2d 769. The current statute clearly precludes any claims against a carrier as a third party tort feasor under the circumstances of this case. The statute now reads as follows: "440.11 Exclusiveness of liability.  (1) The liability of an employer prescribed in § 440.10 shall be exclusive and in place of all other liability of such employer to any third party tort-feasor and to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, except that if an employer fails to secure payment of compensation as required by this chapter an injured employee or his legal representative, in case death results from the injury, may elect to claim compensation under this chapter or to maintain an action at law or in admiralty for damages on account of such injury or death. In such action the defendant may not plead as a defense that the injury was caused by negligence of a fellow servant, nor that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee.

"(2) An employer's workmen's compensation carrier, service agent, or safety consultant shall not be liable as a third party tort-feasor for assisting the employer in carrying out the employer's rights and responsibilities under this chapter by furnishing any safety inspection, safety consultive service, or other safety service incidental to the workmen's compensation or employers' liability coverage or to the workmen's compensation or employer's liability servicing contract. The exclusion from liability under this subsection shall not apply in any case in which injury or death is proximately caused by the willful and unprovoked physical aggression, or by the negligent operation of a motor vehicle, by employees, officers, or directors of the employer's workmen's compensation carrier, service agent, or safety consultant."
[2] Conklin v. Cohen, 262 So.2d 717 (Fla.App. 1972).
[3] Nelson v. Union Wire Rope Corp., 31 Ill.2d 69, 199 N.E.2d 769.
[4] Frantz v. McBee Company (Fla. 1955), 77 So.2d 796.
[5] See Carter v. Sims Crane Service, Inc. (Fla. 1967), 198 So.2d 25; Smith v. Ryder Truck Rentals, Inc. (Fla. 1966), 182 So.2d 422.