287 So.2d 56 (1973)
Joan CONKLIN, As Widow of and As Administratrix of the Estate of the Deceased, Edward Donald Conklin, Petitioner,
v.
Arthur COHEN et al., Respondents.
No. 42536.
Supreme Court of Florida.
June 27, 1973.
As Modified on Denial of Rehearing December 5, 1973.
*57 Donald Feldman of Feldman & Abramson, Miami, for petitioner.
Steven R. Berger, of Carey, Dwyer, Austin, Cole & Selwood, Miami, for respondent, Morris Lapidus, and Richard M. Gale, *58 Preddy, Haddad, Kutner & Hardy, for respondents, Arthur Cohen, et al.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Third District, reported at 262 So.2d 717. Our jurisdiction is based on conflict between the decision sought to be reviewed and Jones v. Florida Power Corp.,[1] Smith v. Ussery,[2] State ex rel. Auchter Co. v. Luckie,[3] and Geer v. Bennett.[4]
The facts of the case, as recited by the District Court, are as follows:
"From the record on appeal, it appears that one Edward Donald Conklin, husband of the plaintiff Joan Conklin, was employed as a workman on a building being erected in the City of Miami Beach, known as Arlen Beach Apartments when a scaffolding broke and he plunged 17 stories to his death. As a result thereof, the plaintiff brought an action against the appellees, Cohen, Levine, Rose, and Schmincke, d/b/a Arlen Beach Apartments and/or Arlen Two Company and/or Normal of Florida, Inc., as owners of the building; Morris Lapidus, the architect; Oboler and Clark, Inc., the engineering firm; the City of Miami Beach; and Zurich Insurance Company, the workmen's compensation carrier for the contractor and subcontractor. The complaint basically alleged each of the appellees negligently breached their duty to provide the deceased with a safe place to work by failing to see that certain safety regulations were followed. It also alleged that the deceased was a third party beneficiary of certain agreements between some of the defendants. The appellees moved to dismiss the complaint for failure to state a cause of action and, after hearing thereon, the trial court entered the order of dismissal with prejudice. This appeal ensued. We affirm."[5]
Based upon the foregoing facts, the District Court held that:
"As to the owners, from the allegations of the complaint they were acting in concert with the general contractor and, therefore, they were entitled to the benefit of the immunity provided by § 440.11, Fla. Stat., F.S.A. As to the architect, the contract establishing his relationship with the project was not attached to the complaint. But, it is apparent that he would be entitled to the benefits of the decision in Allen v. Employers Service Corporation, Fla.App. 1971, 243 So.2d 454. As to the engineers, their contract was with the general contractor and they were likewise entitled to the benefits of the decision in Allen v. Employers Service Corporation, supra. Further, it is apparent that they had no duty under their express contract to make safety inspections. As to the City of Miami Beach, it was conceded that there was no liability as to it, based on the decision of Modlin v. Washington Avenue Food Center, Inc., Fla.App. 1965, 178 So.2d 596, affirmed Modlin v. City of Miami Beach, Fla. 1967, 201 So.2d 70. As to the compensation carrier, having discharged its responsibility under the workmen's compensation act as a result of the death of the deceased, it was discharged from liability. Allen v. Employers Service Corporation, supra."[6]
We hereby reverse the District Court of Appeal, Third District, for reasons which will be set out below. Recognizing the substantial amount of confusion which still exists regarding the Workmen's Compensation *59 Law and third-party tort suits, we will endeavor to provide some additional guidelines for those who follow.

I. OWNERS
The District Court affirmed the dismissal, with prejudice, of the complaint against the owners because, "from the allegations of the complaint they were acting in concert with the general contractor and, therefore, they were entitled to the benefit of the immunity provided by § 440.11, Fla. Stat." An examination of the record convinces us that the District Court's conclusion clearly violates the principles of Jones v. Florida Power Corp., supra, Smith v. Ussery, supra, and their progeny, in that the District Court, in its consideration of whether or not the owners were immune from suit, relied upon a clearly irrelevant factor.
In the landmark case of Jones v. Florida Power Corp., supra, the then Mr. Chief Justice Roberts succinctly stated the basic formula for determining whether one is immune from third-party tort suit, pursuant to the provisions of Section 440.11, Florida Statutes, 1971, F.S.A. This basic formula was re-iterated and re-emphasized some eighteen years later by the present Court in our recent opinion in Smith v. Ussery, supra:
"... . The question is whether the Workmen's Compensation Act imposed upon the Corporation the duty, as an `employer' and `contractor' to secure compensation for such employees. It is the liability to secure compensation which gives the employer immunity from suit as a third party tort-feasor. His immunity from suit is commensurate with his liability for securing compensation  no more and no less."[7]
By granting the owners immunity from third-party tort suit, merely because "they were acting in concert with the general contractor," the District Court erroneously expanded the single exception to the general rule announced in Jones v. Florida Power Corp., supra  that situation where the owners could also be considered "contractors" or "statutory employers." As then Chief Justice Roberts carefully explained, and, again, as the present Court reiterated and re-emphasized in Smith v. Ussery, supra:
"... . Nor can the Corporation be considered a `contractor,' (and thus the `statutory' employer of Burns' and Grinnell's employees) within the meaning of Section 440.10 quoted supra, since the clear implication in this part of the Act is that there must be a contractual obligation on the part of the contractor, a portion of which he sublets to another. To `sublet' means to `underlet', Webster's New International Dictionary; in the context in which it is here used, the effect of subletting is to pass on to another an obligation under a contract for which the person so `subletting' is primarily obligated. The Corporation, under the facts here present, had no primary obligation under a contract which it was passing on to another. It was not then, a `contractor' within the meaning of the Act."[8]
Viewing the record before us, it is clear that the owners were under no duty to secure compensation for petitioner. Furthermore, it is clear that the owners did not qualify as "contractors" or "statutory employers," within the foregoing definitions thereof. Therefore, the dismissal, with prejudice, of petitioner's complaint against the owners was erroneous, and the District Court's affirmance of that dismissal must be and hereby is reversed.
As we noted in State ex rel. Auchter Co. v. Luckie, supra:
"[A]n employee of an independent contractor may maintain against an owner *60 an action at law for damages suffered as a result of the latter's negligence."[9]
The phrase "as a result of the latter's negligence," above means that the owner may be held liable if he has been actively participating in the construction to the extent that he directly influences the manner in which the work is performed. Conversely, if the owner is a passive nonparticipant, exercising no direct control over the project, he cannot be held liable. To impose liability upon an owner who is not an employer as defined by the statute, one or more specific identifiable acts of negligence, i.e., acts either negligently creating or negligently approving the dangerous condition resulting in the injury or death to the employee, must be established. The allegations of petitioner's complaint against the owners sub judice, in light of the foregoing discussion of the phrase, "as a result of the ... [owner's] negligence," clearly stated a cause of action against the owners, and, as clearly, were sufficient to withstand the owners' Motion to Dismiss.

II. ARCHITECT
The District Court affirmed the dismissal, with prejudice, of the complaint against the architect because, "the contract establishing his relationship with the project was not attached to the complaint. But, it is apparent that he would be entitled to the benefits of the decision in Allen v. Employers Service Corporation, Fla. App. 1971, 243 So.2d 454." Contrary to the views of the District Court, however, it is not so apparent that the architect is entitled to the benefit of said decision. In Allen v. Employers Service Corporation,[10] the District Court of Appeal, Second District, held that a service company, which had agreed to furnish the employer with inspection and advisory services relating to the safety of its employees, was immune from being sued as a third-party tort-feasor by an injured employee covered under the workmen's compensation program. Thus, because the service company had contracted with and agreed to work for the employer, the service company came under the employer's umbrella of immunity from third-party tort suit. Conversely, it is apparent that had the service company been working as an independent contractor, it would not have been entitled to such immunity.
As the District Court correctly noted, the contract establishing the architect's relationship with the project was not attached to the complaint. However, from the allegations in the complaint, it is clear that the plaintiff assumed that the architect contracted with and agreed to work for the owner, not the employer, and was thus not eligible for Allen-type immunity from third-party tort suit. While the contract is a basis upon which the action is based, and is therefore required to be attached to or incorporated in the pleadings, pursuant to Rule 1.130(a), RCP, 30 F.S.A., and the failure to so attach the contract, could, therefore, subject the complaint to dismissal, Sachse v. Tampa Music Company,[11] the better approach under the facts of this case would have been for the trial court to have dismissed the complaint with leave to amend, rather than to have dismissed the complaint with prejudice. Properly, therefore, the District Court should have remanded the cause with instructions that the complaint be dismissed with leave to amend so as to allow compliance with the rule.
If, on remand of this case, it is found that the architect was working as an *61 independent contractor, i.e., that his contract was with the owner, and not the employer, then petitioner, as representative of the deceased employee of another independent contractor, may maintain against the architect an action at law for damages suffered as a result of the latter's negligence. Once again, this time in relation to the architect, the phrase, "as a result of the latter's negligence," must be defined. We hereby choose to adopt the excellent, comprehensive definition of an architect's liability announced in Geer v. Bennett, supra:
"... . [A]n architect who plans and supervises construction work as an independent contractor is under a duty to exercise ordinary care in the course thereof for the protection of any person who foreseeably and with reasonable certainty may be injured by his failure to do so."
"The law applicable to an architect's liability for personal injury or death may be summarized as follows. An architect may be liable for negligence in failing to exercise the ordinary skill of his profession, which results in the erection of an unsafe structure whereby anybody lawfully on the premises is injured. Possible liability for negligence resulting in personal injuries may be based upon their supervisory activities, or upon defects in the plans or both. Their possible liability is not limited to the owner who employed them. Privity of contract is not a prerequisite to liability. They are under a duty to exercise such reasonable care, technical skill and ability, and diligence as are ordinarily required of architects in the course of their plans, inspections and supervisions during construction for the protection of any person who foreseeably and with reasonable certainty might be injured by their failure to do so."
"An architect has been defined as one skilled in practical architecture, one whose profession it is to devise the plans and ornamentation of buildings or other structures and supervise their construction. An architect or engineer has also been defined as one whose special business it is to design buildings, fix the thickness of their walls, the supports necessary for the maintenance of them in their proper position, and do all other things in the line of his profession for the guidance of builders in the erection of buildings. Architecture is the art of building according to certain determined rules... ."
"Decisions of other states make it clear that an architect is not under a duty to supervise construction... . However, architects do supervise as a matter of common practice ... and such supervision is properly within the scope of their professional capacities. When architects do undertake supervision of construction in addition to the preparation of plans, they generally are compensated separately or additionally, and if they perform their supervisory duties in a negligent fashion their liability therefor is separate and distinct from the liability of the party who negligently performs the actual building process... ."[12]
The allegations of petitioner's complaint against the architect sub judice, in light of the foregoing discussion of the phrase, "as a result of the ... [architect's] negligence," clearly stated a cause of action against the architect, and, as clearly, were sufficient to withstand the architect's Motion to Dismiss. Therefore, the dismissal, with prejudice, of petitioner's complaint against the architect was erroneous, and the District Court's affirmance of that dismissal must be and hereby is reversed.

*62 III. ENGINEERS
The District Court affirmed the dismissal, with prejudice, of the complaint against the engineers because, "their contract was with the general contractor and they were likewise entitled to the benefits of the decision in Allen v. Employers Service Corporation, supra." Petitioner has sought certiorari only as to the owners, architect, and compensation insurance carrier and, as a result, the engineers have filed no brief with this Court. Consequently, the decision of the District Court must stand. However, even if we were to consider the complaint against the engineers, it would appear that since, as the District Court found, "their contract was with the general contractor," the engineers would indeed be entitled to Allen-type immunity from third-party tort suit.
Although the question is not before us today, it would seem that all that was said in the foregoing discussion of the immunities and liabilities of architects also may be said of the immunities and liabilities of engineers or, for that matter, any other independent contractors. That is, if the engineers' contract is with the employer, and the engineers perform services more properly described as being for the employer rather than for the owner, then the engineers come under the employer's umbrella of immunity from third-party tort suit.[13] Conversely, if the engineers work as independent contractors, they are entitled to no such immunity. Assuming the engineers are found to be working as independent contractors, they will be held liable for damages suffered as a result of their negligence, as defined by standards analogous to those applied to architects in Geer v. Bennett, supra.

IV. LOCAL GOVERNMENTAL ENTITY AND WORKMEN'S COMPENSATION CARRIER
The District Court affirmed the dismissal, with prejudice, of the complaints against the local governmental entity and the workmen's compensation insurance carrier, holding that: "As to the City of Miami Beach, it was conceded that there was no liability as to it, based upon the decision of Modlin v. Washington Avenue Food Center, Inc., Fla.App. 1965, 178 So.2d 596, affirmed Modlin v. City of Miami Beach, Fla. 1967, 201 So.2d 70. As to the compensation carrier, having discharged its responsibility under the workmen's compensation act as a result of the death of the deceased, it was discharged from liability. Allen v. Employers Service Corporation, supra." Petitioner has not sought certiorari as to the local governmental entity. Consequently, that part of the decision of the District Court must stand.[14] As to the complaint against the workmen's compensation carrier, we hold that the District Court's affirmance of the trial judge's dismissal of this portion of the complaint, based upon the authority of Allen v. Employers Service Corporation, supra, was proper, and hereby affirm the same.
Accordingly, the decision of the District Court of Appeal, Third District, is reversed in part, affirmed in part, and the cause remanded for further proceedings consistent herewith.
It is so ordered.
*63 The original majority opinion herein has been revised, and the petitions for rehearing are visited to the revised opinion and are hereby denied.
It is so ordered.
CARLTON, C.J., and ERVIN, ADKINS, McCAIN and DEKLE, JJ., concur.
NOTES
[1] 72 So.2d 285 (Fla. 1954).
[2] 261 So.2d 164 (Fla. 1972).
[3] 145 So.2d 239 (Fla.App. 1st), cert. denied, 148 So.2d 278 (1962).
[4] 237 So.2d 311 (Fla.App.4th 1970).
[5] 262 So.2d at 718.
[6] Id. at 718-719.
[7] Jones v. Florida Power Corp., 72 So.2d at 285, cited in Smith v. Ussery, 261 So.2d at 165.
[8] Jones v. Florida Power Corp., 72 So.2d at 289, cited in Smith v. Ussery, 261 So.2d at 165.
[9] 145 So.2d at 242 (Footnote omitted.)
[10] 243 So.2d 454 (Fla.App.2nd 1971).
[11] 262 So.2d 17 (Fla.App.2nd 1972).
[12] 237 So.2d at 315-317 (Citations and Footnote omitted.)
[13] See Section 440.11(2), Florida Statutes, 1971, F.S.A.
[14] Even if we were to consider the complaint against the local governmental entity, it would appear that, in view of this Court's decision in Modlin v. City of Miami Beach, 201 So.2d 70 (Fla. 1967), the District Court's affirmance of the trial judge's dismissal of this portion of the complaint was proper.