367 So.2d 658 (1979)
Johnnie G. SULLIVAN and Virginia Sullivan, His Wife, Appellants,
v.
LIBERTY MUTUAL INSURANCE COMPANY, a Foreign Corporation Doing Business in Florida, Appellee.
No. 77-1317.
District Court of Appeal of Florida, Fourth District.
January 31, 1979.
Rehearing Denied March 9, 1979.
*659 Walter H. Beckham, Jr., and Robert Orseck of Podhurst, Orseck & Parks, P.A., Miami, Ferrero, Middlebrooks & Houston, Fort Lauderdale, and Joe N. Unger of Law Offices of Joe N. Unger, Miami, for appellants.
Todd A. Cowart and James E. Tribble of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for appellee.
ANSTEAD, Judge.
This is an appeal from a final judgment of dismissal of an action against Liberty Mutual Insurance Company, the workmen's compensation insurer for Johnnie G. Sullivan's employer, for wrongful failure to authorize necessary medical treatment for Mr. Sullivan.
In their complaint the Sullivans alleged that Mr. Sullivan had sustained a compensable injury on March 8, 1971, for which his employer and Liberty Mutual were obligated to provide medical treatment. It was further alleged that on May 9, 1974, Liberty Mutual wrongfully withdrew its authorization for one of Sullivan's physicians to continue treatment[1] and that as a result Sullivan eventually had his foot amputated and suffered other injuries. After various amendments the trial court dismissed Sullivan's action with prejudice on the grounds that a workmen's compensation action was Sullivan's sole remedy for the misconduct alleged.[2] We agree.
*660 In a variety of factual situations Florida appellate courts have consistently refused to extend liability of an employer or carrier beyond that provided under the workmen's compensation law, Chapter 440, Florida Statutes (1975). See Carroll v. Zurich Insurance Company, 286 So.2d 21 (Fla. 1st DCA 1973) and cases cited therein; Warwick v. Hudson Pulp & Paper Company, Inc., 303 So.2d 701 (Fla. 1st DCA 1974), cert. denied 314 So.2d 776. Under that law an employer, while obligated to compensate his employee for certain injuries regardless of fault, is immune from tort liability. And it has been held that a workmen's compensation insurer enjoys the same immunity. Carroll, supra; Allen v. Employers Service Corporation, 243 So.2d 454 (Fla. 2d DCA 1971), cert. denied 248 So.2d 167; Conklin v. Cohen, 262 So.2d 717 (Fla. 3d DCA 1972), aff'd in part, rev'd in part 287 So.2d 56. In Carroll, Justice Drew, sitting as an associate judge with the First District, stated for the court:
The question presented for decision here is whether a Workmen's Compensation Carrier has the immunity of its insured employer against a common law action by an employee under Section 440.11, F.S.A. as it existed prior to July 1, 1970. (Footnote omitted)
In answering this question in the affirmative Justice Drew took issue with an Illinois decision which had held that Florida law was to the contrary:
This problem has been accented here and in other jurisdictions by the decision of the Supreme Court of Illinois in the Nelson case, in which that court undertook to construe our Workmen's Compensation Act and to determine the public policy of this state in that area. There, that court reached the conclusion that "* * * we think the Florida legislature would have expressly granted tort immunity to insurers had that been its intent." With this conclusion, and the reasoning by which it was reached in the decision, we do not agree. From the beginning our courts have, so far as immunity in the sense used here is concerned, considered "employer and insurer", "employer-carrier" in the same context. The courts, the administrative agencies under the Act, and members of the bar have consistently and constantly considered them as interchangeable words so far as this question is concerned. (Id. at 22) (Footnote omitted)
It has also been held that an employer's workmen's compensation liability extends to injuries and aggravations of injuries resulting from medical treatment rendered incidental to the original compensable injury. Warwick, supra. Hence, Sullivan's injuries arising from medical treatment, or lack thereof, rendered incidental to his original injury, are likewise compensable by his employer and his employer's carrier, Liberty Mutual. That relief, however, is his sole remedy against the employer and the carrier.
We agree with Sullivan that the legislature may not have set out the carrier's co-immunity with the employer in a single specific section of the present workmen's compensation law. For instance, on its face, Section 440.11(2) appears to apply only to "safety services" provided by the carrier. However, when Section 440.11 and the rest of the provisions of the compensation law are examined as a whole we find numerous expressions of intent by the legislature to apply the same liabilities and immunities to the carrier as are applied to the employer. Indeed, Section 440.41 provides that the carrier may actually be substituted for the employer as the responsible party to the employee under the law. We agree with the previous Florida appellate decisions, exemplified by Justice Drew's opinion in Carroll, which have held that the immunity from tort liability of an employer and its carrier are virtually identical. In this respect we find ourselves also in substantial agreement with the following observations made in Noe v. Travelers Insurance Co., 172 Cal. App.2d 731, 342 P.2d 976 (1959):
But, beyond the legalistic objection to appellant's position, we must point out that if delay in medical service attributable to a carrier could give rise to independent third party court actions, the system *661 of workmen's compensation could be subjected to a process of partial disintegration. In the practical operation of the plan, minor delays in getting medical service, such as for a few days or even a few hours, caused by a carrier, could become the bases of independent suits, and these could be many and manifold indeed. The uniform and exclusive application of the law would become honeycombed with independent and conflicting rulings of the courts. The objective of the Legislature and the whole pattern of workmen's compensation could thereby be partially nullified.
It is true, however, that, as appellant argues, insurance adjusters should obtain no sanction in overruling or "directing competent physicians and surgeons." Flagrant interference by a carrier with rendition of medical care, such as described in this complaint, should generate swift relief in the commission. The courts support the commission in affording it.
Sullivan also contends that he sufficiently alleged a cause of action against the insurer for intentionally harming him. Section 440.11(2) provides exceptions to the immunity granted in the case of certain willful assaults and automobile accidents. It would appear that the immunity granted under the statute was not intended to cover instances where a carrier intentionally harms the employee. However, while it is alleged that the insurer intentionally withdrew its authorization for medical treatment, nowhere is it alleged that Liberty Mutual intentionally injured Sullivan. We agree with the trial judge that the allegations were insufficient to come within any exception to the statutory immunity.
Accordingly, for the reasons set out above, the judgment of the trial court is affirmed.
LETTS and MOORE, JJ., concur.
NOTES
[1] The trial court correctly noted in its judgment that under the law the employer and carrier remained liable for any medical services required by the employee and that liability could be enforced through a judge of industrial claims.
[2] While the immunity provided under the workmen's compensation law would normally be the subject of an affirmative defense, we find the allegations of the complaint regarding the status of the carrier are such that the defense could be asserted by a motion to dismiss.