PER CURIAM.
The plaintiffs in a wrongful death action appeal a summary judgment granted in *279 favor of the defendant landowner and the landowner’s general partner.
Nelson Cruz was killed when struck by a crane as he worked on the roof of a building being constructed on property owned by Gables Colony, Ltd. Rilea Corporation is a general partner of Gables Colony. The property owner did not participate in the construction operations; instead a general contractor was hired to build and supervise the project.[1] For credit reasons, the crane involved in the accident was leased in the name of Gables Colony rather than the general contractor.
Appellants acknowledge the general rule that property owners who turn their property over to general contractors for construction purposes are not liable to the contractors’ employees for injuries sustained on the job site, Conklin v. Cohen, 287 So.2d 56 (Fla.1973), but advance two arguments for applying an exception to the rule in this case. The first argument of the appellants is that the property owner had a contractual obligation to provide for the safety of the independent contractor’s employee by virtue of the lease agreement between the property owner and the owner of the crane which was used by the general contractor in the course of construction. The appellants’ second argument is that the common law imposes liability on a landowner who hires an independent contractor to perform professional services where the landowner plays an active role in rendering those services or otherwise commits a specific act of negligence which causes harm to the contractor’s employee. Under the facts of this case, neither theory applies and summary judgment was properly entered.
Appellants’ first argument fails because a contractual obligation to ensure the worker’s safety was not created by the lease agreement. A close reading of the contract in its entirety reflects an arm’s-length transaction where the owner assumed no responsibility for the proper operation of the crane. Although paragraph three provides that the owner is responsible for ensuring that sufficient clearance is provided for the crane, that provision was drafted by the crane owner for the specific purpose of making the lessee liable for damage to the crane.[2] The uncontro-verted evidence is that the lease was prepared with the intent to benefit the crane owner’s financial interests and was not intended to benefit third persons. For that reason, the trial judge correctly rejected appellants’ argument that the contract created a nondelegable duty of overseeing the safety of employees of the independent contractor. Where the plain language of the contract, as well as the undisputed intent of the signatories, supports a particular construction, a trial court is correct in rejecting an inconsistent interpretation. American Medical Int’l, Inc. v. Scheller, 462 So.2d 1 (Fla. 4th DCA 1984), rev. denied, 471 So.2d 44 (Fla.1985).
Appellants’ second argument for imposing a duty on the landowner fails because there was no specific act of negligence by the owner. The lease of the crane by the owner, rather than by the general contractor, was performed for credit purposes as an accommodation to the general contractor. It is undisputed that the crane chosen for the job was selected by the general contractor and that the owner played no active part in supervising the construction effort. Allegations that the crane selected was not suitable for the job should be directed to the general contractor. Where no evidence was presented that the landowner negligently created or approved a dangerous condition, liability may not be imposed. City of Miami v. *280 Perez, 509 So.2d 343, 345-46 (Fla. 3d DCA), rev. denied, 519 So.2d 987 (Fla.1987).
Affirmed.

. The general contractor acknowledged its workers' compensation obligations to the decedent and is not a party to this suit which seeks additional recoveries.

. While in operation, the crane’s counterweight had only a four-inch clearance over the top of the building being constructed. It was known that the counterweight had struck the building on at least one occasion during a rocking action of the crane. Cruz was struck as he stood over the highest point of the structure performing the work of his subcontractor employer. Allegedly, the owner did not provide sufficient clearance in breach of the contract terms.