901 So.2d 150 (2005)
PROTEGRITY SERVICES, INC., Appellant,
v.
Theresa BREHM, Appellee.
No. 5D03-3274.
District Court of Appeal of Florida, Fifth District.
February 11, 2005.
Rehearing Denied March 16, 2005.
*151 Debra Potter Klauber, of Haliczer Pettis, P.A., Fort Lauderdale, for Appellant.
Gus R. Benitez, of Benitez Butcher, P.A., Orlando, for Appellee.
ORFINGER, J.
Protegrity Services, Inc., the third party administrator for Theresa Brehm's workers' compensation carrier, appeals the trial court's denial of its motion to dismiss based on its claim of workers' compensation immunity. This Court has jurisdiction. See Fla. R.App. P. 9.130(a)(3)(C)(v).[1] Because we conclude Protegrity enjoys the same immunity as the employer and insurance carrier, we reverse the order on review.
Theresa Brehm was injured in a work-related accident and underwent treatment *152 for her injuries. Brehm sought authorization for a rhizotomy (a radio frequency ablation) at levels T3-T6, as suggested by her physician, Dr. Hamilton. In her complaint, Brehm contends that Protegrity de-authorized Dr. Hamilton, and, instead, authorized Dr. Albert Morgan (also a defendant in the present action) to perform the procedure. Brehm's complaint further alleges that Dr. Morgan performed the procedure at the wrong level of her spine, i.e., at levels TI-T3 rather than levels T3-T6. Following the alleged medical malpractice by Dr. Morgan, and what she alleges was the inappropriate handling of her workers' compensation claim, Brehm filed suit against Protegrity, alleging claims of medical malpractice, battery, intentional infliction of emotional distress, defamation, and violation of fiduciary duties.
Protegrity filed a motion to dismiss, arguing that Brehm's claims were barred by workers' compensation immunity. Following a hearing on the matter, the trial court denied the motion and this appeal followed. We review the matter de novo. Pondella Hall For Hire, Inc. v. Lamar, 866 So.2d 719, 721 (Fla. 5th DCA 2004); Randles v. Moore, 780 So.2d 158, 159 (Fla. 2d DCA 2001). Our examination must be limited to the four corners of the complaint. Id. An appellate court is "obligated to consider the allegations in the complaint as true and in the light most favorable to the pleader." Fla. Farm Bureau Gen. Ins. Co. v. Ins. Co. of N. Am., 763 So.2d 429, 433 (Fla. 5th DCA 2000).
Protegrity argues that Brehm's claims fall squarely within the exclusivity provisions of chapter 440, Florida Statutes (2000), the Workers' Compensation Act, and, as such, are barred by Florida's workers' compensation immunity. Protegrity further asserts that Brehm's attempts to "circumvent that immunity by calling the carrier's action `outrageous' should fail as have similar claims by other workers' compensation claimants in the past."
Brehm answers that the trial court correctly denied Protegrity's motion to dismiss because her complaint alleges torts separate and independent from her work-related injury. Brehm argues that the facts pled in the complaint, which must be accepted by this Court, demonstrate actions that go beyond mere claims mishandling, and assert independent acts that rise to the level of actionable intentional torts. We disagree.
Immunity from suit is an essential element of the workers' compensation system. As the supreme court explained in Turner v. PCR, Inc., 754 So.2d 683, 686 (Fla.2000):
Florida's Worker's Compensation law is codified in chapter 440, Florida Statutes (1997). The statute is intended to provide a "quick and efficient delivery of disability and medical benefits to an injured worker and to facilitate the worker's return to gainful reemployment at a reasonable cost to the employer." § 440.015, Fla. Stat. (1997). To that end, "[t]he workers' compensation system... is based on a mutual renunciation of common-law rights and defenses by employers and employees alike ... [and] the facts in a workers' compensation case are not to be interpreted liberally in favor of either the rights of the injured worker or the rights of the employer." Id. Essentially, under this no-fault system, the employee gives up a right to a common-law action for negligence in exchange for strict liability and the rapid recovery of benefits. See United Parcel Service v. Welsh, 659 So.2d 1234, 1235 (Fla. 5th DCA 1995); 2 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation § 65.10 (Desk ed.1999). For employees within the statute's reach, workers' compensation *153 is the exclusive remedy for "accidental injury or death arising out of work performed in the course and the scope of employment." § 440.09(1), Fla. Stat. (1997); see also § 440.11, Fla. Stat. (1997). While providing employees with benefits on a no-fault basis, the flip side of this scheme is its provision for immunity from common-law negligence suits for employers covered by the statute.
(Footnotes omitted).
Notwithstanding the provisions of the Insurance Code[2] that allow civil actions against insurers for damages caused by violations of particular provisions of the Code, or by the commission of specified acts, the liability of a workers' compensation insurance carrier[3] to an employee, or to anyone entitled to bring suit in the name of the employee, is provided in the Workers' Compensation Act, and is exclusive and in place of all other liability. § 440.11(4), Fla. Stat. (2000).[4] Because the exclusivity and immunity provisions of the Act apply to the compensation carrier as well as the employer, Sullivan v. Liberty Mutual, Insurance Co., 367 So.2d 658 (Fla. 4th DCA 1979); Carroll v. Zurich Insurance Co., 286 So.2d 21 (Fla. 1st DCA 1973), the circuit court has no jurisdiction over an action against the carrier for injuries covered by the Act. In other words, a workers' compensation carrier enjoys the same immunity from tort liability that the employer does under the law.[5]See Sullivan, 367 So.2d at 658; see also Pearson v. Harris, 449 So.2d 339, 343 (Fla. 1st DCA 1984) (stating that insurer should be accorded the benefit of any defenses available to its insured).
The test to determine if workers' compensation bars a tort action, is whether the injury for which a plaintiff seeks recovery is covered by the Act. See Inservices, Inc. v. Aguilera, 837 So.2d 464, 467 (Fla. 3d DCA 2002), review granted, 847 So.2d 975 (Fla.2003). Simply stated, if the injury is covered by the Act, a separate tort action in circuit court is barred. Inservices. Once a trial court determines a plaintiff has a remedy under the Act, the only issue to be considered prior to dismissal is whether the plaintiff's allegations involve wrongdoing independent of the workers' compensation claim. Id.
In Sullivan v. Liberty Mutual Insurance Co., an employee brought an action against the employer's workers' compensation insurer to recover for alleged wrongful failure to authorize necessary medical treatment. The trial court dismissed the employee's complaint, and the employee appealed. The Fourth District Court of Appeal held that when the employee's injuries arise from medical treatment, or the lack thereof, rendered incidental to the original compensable injury, such injuries are compensable under the Act by the employer and the employer's workers' compensation insurer, and, thus, relief under the Act was the employee's sole remedy *154 against the employer and the insurer. The court further held that although the employee alleged that the workers' compensation insurer intentionally withdrew its authorization for medical treatment for compensable injuries, absent allegation that the insurer intentionally injured the employee, the employee's allegations were insufficient to come within any exception to the insurer's statutory immunity from tort liability. 367 So.2d at 658. In so doing, the court recognized that:
In a variety of factual situations Florida appellate courts have consistently refused to extend liability of an employer or carrier beyond that provided under the workmen's compensation law, Chapter 440, Florida Statutes (1975). See Carroll v. Zurich Insurance Company, 286 So.2d 21 (Fla. 1st DCA 1973) and cases cited therein; Warwick v. Hudson Pulp & Paper Company, Inc., 303 So.2d 701 (Fla. 1st DCA 1974), cert. denied 314 So.2d 776. Under that law an employer, while obligated to compensate his employee for certain injuries regardless of fault, is immune from tort liability. And it has been held that a workmen's compensation insurer enjoys the same immunity. Carroll, supra; Allen v. Employers Service Corporation, 243 So.2d 454 (Fla. 2d DCA 1971), cert. denied, 248 So.2d 167; Conklin v. Cohen, 262 So.2d 717 (Fla. 3d DCA 1972), aff'd in part, rev'd in part, 287 So.2d 56.
....
It has also been held that an employer's workmen's compensation liability extends to injuries and aggravations of injuries resulting from medical treatment rendered incidental to the original compensable injury. Warwick, supra.

....
It is true, however, that, as appellant argues, insurance adjusters should obtain no sanction in overruling or "directing competent physicians and surgeons." Flagrant interference by a carrier with rendition of medical care, such as described in this complaint, should generate swift relief in the commission. The courts support the commission in affording it.
Sullivan also contends that he sufficiently alleged a cause of action against the insurer for intentionally harming him. Section 440.11(2) provides exceptions to the immunity granted in the case of certain willful assaults and automobile accidents. It would appear that the immunity granted under the statute was not intended to cover instances where a carrier intentionally harms the employee. However, while it is alleged that the insurer intentionally withdrew its authorization for medical treatment, nowhere is it alleged that Liberty Mutual intentionally injured Sullivan. We agree with the trial judge that the allegations were insufficient to come within any exception to the statutory immunity.
367 So.2d at 660-61.
Like in Sullivan, we conclude that Brehm's allegations fail to come within any exception to Protegrity's statutory immunity from liability. In the medical malpractice claim, Brehm asserts that Protegrity negligently ordered, instructed, directed, or authorized Dr. Morgan to perform the procedures at the wrong site. Brehm's remedy against Protegrity for authorizing the wrong treatment lies in the workers' compensation system. In her claim for battery, Brehm contends that Protegrity Services committed an unlawful and intentional battery upon her by, apparently, allowing Dr. Morgan to perform a wrong-site procedure without her consent. Brehm maintains that she sufficiently alleged a cause of action against the insurer for intentionally harming her. Section 440.11(2) provides exceptions *155 to the immunity granted in the case of certain willful assaults and automobile accidents. The immunity granted under the Act was not intended to cover instances where a carrier intentionally harms the employee. However, while the complaint alleges that Protegrity authorized the medical treatment, albeit at the wrong site, nowhere is it alleged that Protegrity intentionally injured, or intended to injure, Brehm. Thus, the battery allegations against Protegrity are insufficient to come within any exception to Protegrity's statutory immunity. See Sullivan, 367 So.2d at 661.
In the intentional infliction of emotional distress and defamation actions, Brehm argues that Protegrity falsely accused her of abusing prescription drugs. These acts, as alleged in the complaint, occurred as part of Protegrity's handling of Brehm's workers' compensation claim. A compensation claimant cannot avoid the exclusivity of the Act and transform a claim into an actionable tort cognizable in the circuit court simply by calling it outrageous, fraudulent, deceitful or an intentional infliction of emotional distress. See Sheraton Key Largo v. Roca, 710 So.2d 1016 (Fla. 3d DCA 1998) (workers' compensation immunizes a carrier from a tort action based on alternative allegations of outrageous, fraudulent and deceitful conduct or for intentional infliction of emotional distress committed while handling a claim); Montes de Oca v. Orkin Exterminating Co., 692 So.2d 257 (Fla. 3d DCA 1997) (allegations of delay, outrageous misconduct, and intentional infliction of emotional distress in handling claim, fall within exclusive jurisdiction of workers' compensation judge); accord Liberty Mut. Ins. Co. v. Steadman, 895 So.2d 434 (Fla. 2d DCA 2005).
Finally, in the claim for violation of fiduciary duty, Brehm asserts that Protegrity did not timely, honestly, and competently handle her workers' compensation claim. Again, Brehm's allegations involve the handling of Brehm's workers' compensation claim, and do not allege wrongdoing independent of the handling of the claim. Inservices, 837 So.2d at 464. As such, the claims fall squarely within the scope of workers' compensation immunity.
We conclude that Brehm's allegations against Protegrity involve the handling of Brehm's workers' compensation claim and do not allege wrongdoing on the part of Protegrity that is independent of the handling of the claim. Accordingly, all of Brehm's claims against Protegrity fall within Protegrity's workers' compensation immunity.
REVERSED and REMANDED.
THOMPSON and TORPY, JJ., concur.
NOTES
[1] Florida Rule of Appellate Procedure 9.130(a)(3)(C)(v) provides, in part, that "[a]ppeals to the district courts of appeal of non-final orders are limited to those that ... determine... that, as a matter of law, a party is not entitled to workers' compensation immunity[.]"
[2] See § 624.155, Fla. Stat. (2000).
[3] The Act defines a "carrier" as any person or fund authorized under section 440.38, Florida Statutes (2000), to insure under the law, and includes a self-insurer and a commercial self-insurance fund, authorized under section 624.462, Florida Statutes (2000). See § 440.02(4), Fla. Stat. (2000).
[4] Section 440.11(4), Florida Statutes (2000), provides:

(4) Notwithstanding the provisions of s. 624.155, the liability of a carrier to an employee or to anyone entitled to bring suit in the name of the employee shall be as provided in this chapter, which shall be exclusive and in place of all other liability.
[5] This exclusion from tort liability has been declared constitutional. See Carroll v. Zurich Ins. Co., 286 So.2d 21 (Fla. 1st DCA 1973)