303 So.2d 701 (1974)
Jessie W. WARWICK, Appellant,
v.
HUDSON PULP & PAPER COMPANY, INC., a Corporation, et al., Appellees.
No. V-3.
District Court of Appeal of Florida, First District.
November 19, 1974.
Rehearing Denied December 17, 1974.
Neal D. Evans, Jr., and Robert R. Perry, of Evans, Stewart, Perry & Stelogeannis, Jacksonville, for appellant.
Bruce S. Bullock, of Bullock, Sharp & Childs; and Lloyd C. Leemis, of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellees.
RAWLS, Chief Judge.
The point posed on this appeal by appellant-plaintiff Warwick is:
"When, while acting in a capacity other than employer in the treatment of an original injury to its employee compensable under the Florida Workmen's Compensation Act, the employer is not shielded by such act against common law liability for its negligently causing a new injury or negligently aggravating the original injury."
This appeal is from a final summary judgment wherein the trial judge found, inter alia, "... that the plaintiff's exclusive remedy against said defendant [Hudson Pulp] is under the Florida Workmen's Compensation Act as provided in Sections 440.10 and 440.22, Florida Statutes, said motion be and the same is hereby granted."
*702 Warwick, during the course of his employment with Hudson, suffered an injury to his back, compensable under the Florida Workmen's Compensation Act. Warwick was initially treated in Hudson's clinic which was staffed by nurses employed by Hudson, which treatment Warwick alleged was negligently performed resulting in serious aggravation of the injury. In resisting Hudson's affirmative defense that workmen's compensation coverage is the exclusive remedy Warwick theorizes that the negligent treatment afforded him by Hudson's clinic did not constitute injuries arising out of and in the course of employment, as Hudson's activities fell within the scope of the "Dual Capacity Doctrine".
The Florida Workmen's Compensation Act is a prototype of this jurisdiction's "no fault" concept of social legislation. The cases are numerous which have held that the immunities of the law inure to those who accept the liabilities imposed therein. One of the primary obligations and responsibilities of the employer under the Workmen's Compensation Act is to provide medical treatment to employees.[1] This jurisdiction has held that medical treatment which aggravates an original injury, whether it be negligent or not, is compensable under the Florida law.[2] Abbenante v. United Parcel Service, Inc.,[3] concerned the claimant who had suffered a cut finger during the course of his employment. Medical treatment included injections by a physician of penicillin and tetanus anti-toxin. On the next day the claimant suffered an occlusion of the left internal corotid artery producing a cerebral injury. After reviewing the record, which included medical testimony that the injection of the drugs probably was a cause and effect between these events (cut finger and stroke), the court awarded claimant permanent total disability.[4] Thus, it appears that the Florida rule is that when an injury necessitates treatment and the treatment aggravates the original injury, such aggravation is compensable. It necessarily follows that if the employer is held liable as a result of the contract dictated by the statutory enactment, such employer is entitled to the immunity of common law liability prescribed therein. The rationale of the Second District Court of Appeal in Allen v. Employers Service Corporation[5] is applicable, viz:
"... In truth, our workmen's compensation program imposes liability on employers for compensation benefits to injured employees regardless of whether the employer performs his statutory duties to maintain safe working conditions or not; and it confers no greater benefits upon the employee if he does not. A view contrary to that taken here would be to suppose that the legislature intended to permit the existence of an effective deterrent to employers, and indeed to compensation carriers, from employing expert service companies to inspect and advise concerning safety for employees."
Warwick has filed a scholarly brief lodging the progenitor of Florida's Workmen's *703 Compensation Act in England and the State of New York and citing authorities from those jurisdictions, together with the excerpts of the treatise authored by Larson and Alport, in support of the "dual capacity" argument. Hudson has countered with citations from numerous foreign jurisdictions and jurisprudences. We find it unnecessary to resort to the jurisprudence of other jurisdictions. The exclusiveness of remedy provided by the Florida Workmen's Compensation Act is the quid pro quo accruing to the employer for his assumption of liability without fault.[6]
The judgment appealed is affirmed.
JOHNSON and McCORD, JJ., concur.
NOTES
[1] Florida Statute 440.13 which states in part: "... the employer shall furnish to the employee such remedial treatment, care and attendance under the direction and supervision of a qualified physician or surgeon, or other recognized practitioner, nurse or hospital, and for such period, as the nature of the injury or the process of recovery may require, including medicine, crutches, artificial members, and other apparatus...."
[2] This record indicates that serious aggravation of Warwick's injuries resulted from subsequent treatment rendered by doctors and a hospital, not employed by Hudson, but who were compensable by reason of the Workmen's Compensation Act. We are not here confronted with the question of their individual liability; the question here solely relates to Hudson's common law liability for the alleged negligence of its employees who were Warwick's co-workers.
[3] Abbenante v. United Parcel Service, Inc., 241 So.2d 1 (Fla. 1970).
[4] Also see City of Lakeland v. Burton, 147 Fla. 412, 2 So.2d 731 (1941).
[5] Allen v. Employers Service Corporation, 243 So.2d 454 (2 Fla.App. 1971).
[6] See Mullarkey v. Florida Feed Mills, Inc., 268 So.2d 363 (Fla. 1972), wherein the Supreme Court stated: "... the concept of exclusiveness of remedy embodied in Fla. Stat. § 440.11, F.S.A. appears to be a rational mechanism for making the compensation system work in accord with the purposes of the Act. In return for accepting vicarious liability for all work-related injuries regardless of fault, and surrendering his traditional defenses and superior resources for litigation, the employer is allowed to treat compensation as a routine cost of doing business which can be budgeted for without fear of any substantial adverse tort judgments. Similarly, the employee trades his tort remedies for a system of compensation without contest, thus sparing him the cost, delay and uncertainty of a claim in litigation."