370 So.2d 244 (1979)
Louis P. TROTTER
v.
LITTON SYSTEMS, INC.
No. 51134.
Supreme Court of Mississippi.
April 25, 1979.
Robert P. Krebs, Pascagoula, for appellant.
Karl Wiesenburg, French Caldwell, Pascagoula, for appellee.
Before ROBERTSON, WALKER and LEE, JJ.
LEE, Justice, for the Court:
Louis P. Trotter filed suit in the Circuit Court of Jackson County against Litton Systems, Inc. (Litton) seeking damages for a personal injury sustained while in its employ. Litton answered the declaration and pled, as an affirmative defense, that Litton is an employer within the provisions of the Mississippi Workmen's Compensation Law and has secured payment of compensation as required by said law; that, at the time of the injury, Trotter was an employee of Litton, working in the scope of his employment, and that said injury arose out of such employment; that Trotter's sole and exclusive remedy is under the provisions of the Mississippi Workmen's Compensation Law; and that Litton is not liable in a common law negligence action. The trial judge sustained the affirmative defense, which was heard preliminarily, and dismissed the declaration, from which order Trotter appeals here.
The appellant received a cut on his left thumb June 6, 1975, while working in the appellee's West Bank Shipyard in Jackson County. He immediately went to the First Aid Station at said shipyard, and one Jerry Newman, an employee of the appellee, *245 working in the first aid station, sutured appellant's thumb. Newman was not a licensed physician and was not qualified to perform such function. The suturing resulted in an infection of appellant's thumb, which caused him to suffer acute cellulitis of the thumb and arm, resulting ultimately in the loss of use of his thumb. Appellant charged that the injury resulting from the infection was due to the negligence of appellee in placing an unqualified person in the first aid station and in not providing proper medical care and attention for appellant.
This is a case of first impression in the State of Mississippi, and it deals with the dual capacity doctrine. 2A Larson, The Law of Workmen's Compensation, 14-112, 14-117 (1976) discusses the doctrine as follows:
"In comparatively recent years there has appeared in various contexts what might be called the dual-capacity doctrine. Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer.
* * * * * *
The decisive dual-capacity test is not concerned with how separate or different the second function of the employer is from the first but with whether the second function generates obligations unrelated to those flowing from the first, that of employer. The legal obligation of a shipowner to maintain the vessel in seaworthy condition, for example, is quite independent of the status of employer. It differs in character and extent from that of a stevedoring company, even if the stevedoring company also is the shipowner. The obligation would exist even if the shipowner had no employees, and it runs to persons other than employees."
Larson further discusses the doctor-employer relationship and opposing views.
Appellant relies upon the cases of Szydlowski v. General Motors Corp., 59 Mich. App. 180, 229 N.W.2d 365 (1975); Vesel v. Jardine Mining Co., 110 Mont. 82, 100 P.2d 75 (1940); and Duprey v. Shane, 39 Cal.2d 781, 249 P.2d 8 (1952) in his brief.
In Szydlowski his widow filed a wrongful death action to recover damages resulting from the death of Szydlowski due to a heart attack suffered while working for General Motors. She contended that her husband died as a result of treatment, drugs and medicine furnished (administered) him prior to his death. The Michigan court held that the treatment given Szydlowski was illegally furnished and that her action was well pled. (This case is absent a charge in the declaration that his death did not arise out of or in the course of his employment with General Motors).
In Vesel, the employee was struck in the eye by a piece of steel. He received medical aid at the direction of his employer from a woman not qualified to treat him and, as a result, he lost the sight of his right eye and the sight in his left eye was impaired. A demurrer was sustained. On appeal, the Montana Supreme Court held that the employer was not bound to render care but that when it did, the employer was bound to exercise reasonable care; that the Workmen's Compensation Act was intended to apply only to injuries sustained by an employee in the course of his employment and as to such person, the act is exclusive unless falling under an exception provided by the act. The Court further held that the employer could not hide behind the compensation act and escape liability from his negligent or malicious acts toward an employee having no connection with the course of employment, and that the cause of action was well founded.
In Duprey, a practical nurse was employed by the Shane Diagnostic Foundation. She received injuries while working there and was treated by Dr. Harrison, a fellow employee, and by Dr. Shane, her employer. As a result of the treatment, she incurred a new and further disability. The California Court held that the employer, Dr. Shane, *246 was responsible in a civil action for his negligent acts in treating her injuries.
Mississippi Code Annotated Section 71-3-3(g) (1972) defines "injury" as "actual injury or accidental death arising out of and in the course of employment."
Mississippi Code Annotated Section 71-3-15 (1972), a part of the Mississippi Workmen's Compensation Act, provides with reference to medical services and supplies, the following:
"(1) The employer shall furnish such medical, surgical, and other attendance or treatment, nurse and hospital service, medicine, crutches, artificial members, and other apparatus for such period as the nature of the injury or the process of recovery may require. If the employer fails to provide the same after request by the injured employee, such injured employee may do so at the expense of the employer. The employee shall not be entitled to recover any amount expended by him for such treatment or services, except in emergency cases, unless he shall have requested the employer to furnish the same and the employer shall have refused or neglected to do so, or unless the nature of the injury required such treatment and services and the employer or his superintendent or foreman, having knowledge of such injury, shall have neglected to provide the same. Nor shall any claim for medical or surgical treatment be valid and enforceable, as against such employer, unless within twenty (20) days following the first treatment the physician giving such treatment furnish to the employer and the commission a report of such injury and treatment, on a form prescribed by the commission ...
* * * * * *
(4) The liability of an employer for medical treatment as herein provided shall not be affected by the fact that his employee was injured through the fault or negligence of a third party, not in the same employ, provided the injured employee was engaged in the scope of his employment when injured. The employer shall, however, have a cause of action against such third party to recover any amounts paid by him for such medical treatment... ."
Appellee relies upon Dixon v. Ford Motor Co., 53 Cal. App.3d 499, 125 Cal. Rptr. 872 (1976) where the Court, in restricting the Duprey principle and denying the suit, said:
"Considered in the light most favorable to the plaintiffs (see Desny v. Wilder, 46 Cal.2d 715, 725, 299 P.2d 257), the factual presentation before the superior court on the summary judgment proceedings is here summarized. At deceased's place of employment, his employer, Ford Motor Company, maintained for the convenience and welfare of its employees an emergency first aid medical facility. The facility was staffed by a nurse and an orderly and such care was provided to all employees regardless of the source of their illness or injury. During his working hours deceased suffered physical distress and went to the facility for aid. He was negligently treated or advised by the facility's attendants, which negligence proximately resulted in his death. We have concluded as a matter of law that upon proof, and a finding of such facts, deceased's dependents would be entitled to workmen's compensation benefits. Our reasons follow.
If the negligent treatment of deceased be deemed to have been rendered in the course of his employment and his death proximately resulted from such negligence, then of course his employer's liability for workmen's compensation would be undisputed. But we understand plaintiffs to contend that the treatment was of a personal nature, administered when deceased was not actually engaged in working for his employer, and was accordingly not in the course of his employment.
It is of course true that deceased was not actually engaged in performing the duties of his employment at the time of Ford Motor Company's claimed negligence, and the injury and death allegedly resulting therefrom. But it is established *247 law that: `Recovery of compensation is not conditional upon the employee's rendering service to the employer at the time of the injury.'" 125 Cal. Rptr. at 875.
In Warwick v. Hudson Pulp & Paper Company, Inc., 303 So.2d 701 (Fla.App. 1974), the Florida Court said:
"Warwick, during the course of his employment with Hudson, suffered an injury to his back, compensable under the Florida Workmen's Compensation Act. Warwick was initially treated in Hudson's clinic which was staffed by nurses employed by Hudson, which treatment Warwick alleged was negligently performed resulting in serious aggravation of the injury. In resisting Hudson's affirmative defense that workmen's compensation coverage is the exclusive remedy Warwick theorizes that the negligent treatment afforded him by Hudson's clinic did not constitute injuries arising out of and in the course of employment, as Hudson's activities fell within the scope of the `Dual Capacity Doctrine.'
The Florida Workmen's Compensation Act is a prototype of this jurisdiction's `no fault' concept of social legislation. The cases are numerous which have held that the immunities of the law inure to those who accept the liabilities imposed therein. One of the primary obligations and responsibilities of the employer under the Workmen's Compensation Act is to provide medical treatment to employees. This jurisdiction has held that medical treatment which aggravates an original injury, whether it be negligent or not, is compensable under the Florida law ...
* * * * * *
... Thus, it appears that the Florida rule is that when an injury necessitates treatment and the treatment aggravates the original injury, such aggravation is compensable. It necessarily follows that if the employer is held liable as a result of the contract dictated by the statutory enactment, such employer is entitled to the immunity of common law liability prescribed therein." 303 So.2d at 702.
The Florida compensation statutes are practically identical with Mississippi's statutes. In Universal Manufacturing Company v. Barlow, 260 So.2d 827 (Miss. 1972), the Court held that aggravation of a preexisting infirmity (which also means the aggravation of an existing injury) is compensable under the Act. The principle has been applied many times. Also, aggravation by a physician of an injury sustained by an employee in the scope of his employment is compensable.
In McAlister v. Methodist Hospital of Memphis, 550 S.W.2d 240 (Tenn. 1977), the Tennessee court said:
"We hold, that in the field of workmen's compensation law, and in suits by a worker against his employer, the initial injury is the cause of all that follows, even where there is superimposed upon the original injury, a new, or additional or independent injury during the course of treatment, negligent or otherwise."
We are of the opinion that, under Mississippi statutes, the principle announced in Dixon v. Ford Motor Co., supra, Warwick v. Hudson Pulp & Paper Co., Inc., supra, and McAlister v. Methodist Hospital of Memphis, supra, pronounces the better rule, and the dual capacity doctrine should not be applied, absent legislative enactment.
The judgment of the trial court is affirmed.
AFFIRMED.
PATTERSON, C.J., and SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.