922 So.2d 807 (2005)
The MISSISSIPPI INSURANCE GUARANTY ASSOCIATION; Daniel P. Dare, M.D.; and River Region Medical Corporation, Appellants
v.
Dot BREWER, Appellee.
No. 2004-WC-00136-COA.
Court of Appeals of Mississippi.
July 26, 2005.
Rehearing Denied November 15, 2005.
Certiorari Denied March 2, 2006.
*808 Michelle Barlow Mims, Jackson, Robert L. Grant, Mildred M. Morris, Jackson, R.E. Parker, Diane V. Pradat, Jackson, Kenneth S. Womack, Ridgeland, William W. McKinley, Jackson, attorneys for appellants.
Robert S. Murphree, Wayne E. Ferrell, Jr., Jackson, attorneys for appellee.
Before LEE, P.J., BARNES, and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. An employer and workers' compensation carriers filed a motion to intervene in a negligence action brought by an employee against a third-party tortfeasor. The circuit court denied the motion. Finding error, we reverse and remand.

STATEMENT OF FACTS
¶ 2. Dot Brewer (Brewer) was employed by the Riverboat Corporation of Mississippi *809 (Riverboat) and worked at the Isle of Capri Casino in Vicksburg. In November 1994, she sustained an injury to her back while performing her job duties at the casino. Brewer subsequently sought treatment from Daniel Dare, M.D. (Dr. Dare) and the River Region Medical Corporation (River Region). In December 1994, Dr. Dare performed back surgery on Brewer in order to alleviate her back pain. Brewer became a paraplegic as a result of the surgery, and she subsequently initiated a negligence action against Dr. Dare and River Region in August 1996.
¶ 3. At the time of Brewer's initial injury, Riverboat was self-insured up to $250,000. They had also secured workers' compensation coverage under a policy written by the Home Insurance Company (Home Insurance). Home Insurance, however, subsequently went into receivership and Brewer's workers' compensation claim was transferred to the Mississippi Insurance Guaranty Association (MIGA) pursuant to Miss.Code Ann. § 83-23-1 et seq. (Rev.1999).
¶ 4. Following her initial back injury at work, Brewer filed a claim with Riverboat for workers' compensation benefits. Riverboat and Home Insurance denied her claim. The Workers' Compensation Commission (Commission), however, determined in June 1998 that Brewer's November back injury was compensable. The Commission further ruled that Riverboat and Home Insurance were obligated to pay for the surgical aggravation of Brewer's compensable back injury, and the Commission ordered Riverboat and Home Insurance to pay for all of Brewer's medical expenses. Riverboat and Home Insurance failed to timely appeal and the Commission's decision became final.
¶ 5. Riverboat and Home Insurance thereafter began making payments for workers' compensation benefits and medical expenses in accordance with the Commission's order. Additionally, Riverboat and Home Insurance sought to intervene in Brewer's negligence action against Dr. Dare and River Region in order to subrogate any monies received by Brewer pursuant to Miss.Code Ann. § 71-3-71 (Rev. 2000). Brewer filed a motion to dismiss Riverboat and Home Insurance's motion to intervene after she had reached a settlement in a confidential amount with Dr. Dare and River Region in the negligence action.
¶ 6. In November 2003, the Circuit Court of the First Judicial District of Hinds County granted Brewer's motion to dismiss and refused to allow Riverboat and Home Insurance to intervene in the action or to subrogate any of the settlement monies. The circuit judge's decision was based on his determinations that the surgery and the resulting paraplegia were independent, intervening injuries, and that Brewer had not been "made whole" by the amount agreed to in the settlement. Riverboat, Home Insurance, and MIGA's motions to reconsider were denied. Aggrieved by the circuit court's decision regarding their right to intervene, Riverboat, Home Insurance, and MIGA now appeal asserting the following: (1) whether the circuit court erred in denying the employer and workers' compensation carriers' motion to intervene in the employee's negligence action for the purpose of protecting their subrogation interests under Miss.Code Ann. § 71-3-71; and (2) whether the employer and workers' compensation carriers are entitled to repayment of the amount of workers' compensation benefits paid by them to the employee from the net proceeds of any recovery made by the employee. Additionally, River Region and Dr. Dare join in this appeal asserting that (3) the trial court erred in its ruling that there was *810 no requirement that the court approve the settlement reached in the negligence action.

ISSUES AND ANALYSIS

I. Whether the circuit court erred in denying the employer and workers' compensation carriers' motion to intervene in the employee's negligence action for the purpose of protecting their subrogation interests under Miss.Code Ann. § 71-3-71.
¶ 7. Riverboat, Home Insurance, and MIGA argue that according to M.R.C.P. 24(a) and Miss.Code Ann. § 71-3-71 they were entitled to intervene in the negligence action between Brewer, Dr. Dare, and River Region in order to protect their statutory subrogation interests. See American Creosote Works of La. v. Harp, 215 Miss. 5, 60 So.2d 514 (1952).
¶ 8. M.R.C.P. 24(a) provides that:
Intervention of Right. Upon timely application, anyone shall be permitted to intervene in an action:
(1) when a statute confers an unconditional right to intervene, or;
(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
¶ 9. Additionally, § 71-3-71 provides that:
The acceptance of compensation benefits from or the making of a claim for compensation against an employer or insurer for the injury ... of an employee shall not affect the right of the employee... to sue any other party at law for the injury ..., but the employer or his insurer shall be entitled to reasonable notice and opportunity to join in any such action or may intervene therein.
¶ 10. The fundamental question in this appeal is whether Brewer's surgically induced paraplegia is covered by § 71-3-71. The Commission determined that:
[Brewer] has met her burden of proof that her injury of November 6, 1994 was work connected as alleged in the petition. Once the finding of compensability has been made, then it is well settled that `aggravation of the primary injury by medical or surgical treatment is compensable.' Larson's Workers' Compensation Law, § 13.21(a), Vol.1 (Rel.78, 5/97) (citation omitted). `Fault on the part of the physician ... does not break the chain of causation.' Larson's, § 13.21(b).
¶ 11. The circuit court, however, disagreed with the Commission and instead ruled that the surgically induced paraplegia did not arise out of and in the course of employment as defined by § 71-3-3(b), and that since it was not a work-related injury, it was not governed by § 71-3-71. The circuit court held, therefore, that Riverboat, Home Insurance, and MIGA were neither entitled to intervene in the negligence action, nor to subrogate any of the settlement monies received by Brewer.
¶ 12. On appeal to this Court, Brewer asserts that the circuit court ruled appropriately in denying Riverboat, Home Insurance, and MIGA the right to intervene in the negligence action according to Cossitt v. Nationwide Mut. Ins. Co., 551 So.2d 879 (Miss.1989) (overruled as to the issue of stacking insurance policies) and Harris v. Magee, 573 So.2d 646 (Miss.1990) (overruled as to motor vehicle insurance issues). Both of these cases dealt with the respective parties' rights regarding uninsured *811 motorist coverage, however, rather than workers' compensation issues.
¶ 13. We pause to present the standard of review. This Court's scope of review is limited to a determination of whether the decision of the Commission is supported by substantial evidence. Westmoreland v. Landmark Furniture, Inc., 752 So.2d 444, 447(¶ 7) (Miss.Ct.App.1999). The Commission sits as the ultimate finder of facts in deciding compensation cases; therefore, its findings are subject to normal, deferential standards upon review. Natchez Equip. Co. v. Gibbs, 623 So.2d 270, 273 (Miss.1993). We will only reverse the Commission's rulings where issues of fact are unsupported by substantial evidence and matters of law are clearly erroneous. Westmoreland, 752 So.2d at 448(¶ 8).
¶ 14. Before we proceed with our analysis, we emphasis the critical fact which is undisputed between the parties: Brewer's November 1994 back injury is compensable under the Mississippi's Workers' Compensation Act. The Commission made that determination and none of the parties to this appeal challenge that ruling.
¶ 15. The Mississippi Supreme Court has previously addressed the issue implicated by the facts involved in this appeal. In Trotter v. Litton Sys. Inc., 370 So.2d 244, 247 (Miss.1979), the Mississippi Supreme Court held that "aggravation by a physician of an injury sustained by an employee in the scope of his employment is compensable." After a comparative analysis of Mississippi's workers' compensation statute with those of our sister states, the Supreme Court held in Trotter that "the initial injury is the cause of all that follows, even where there is superimposed upon the original injury, a new, or additional or independent injury during the course of treatment, negligent or otherwise." Id. (quoting McAlister v. Methodist Hosp. of Memphis, 550 S.W.2d 240 (Tenn.1977)).
¶ 16. Acknowledging the Commission's undisputed finding that Brewer suffered a compensable injury in November 1994, and applying the Trotter decision to the facts of this appeal, we find that Brewer's surgically induced paraplegia is also compensable under Mississippi's workers' compensation statute. Brewer's paraplegia was not a separate and distinct injury, but was rather an aggravation of the existing work-related back injury. Therefore, pursuant to Miss.Code Ann. § 71-3-7 (Rev.2000), Riverboat, Home Insurance, and MIGA have a statutory obligation to provide Brewer with workers' compensation benefits for her initial injury and for the subsequent aggravation of that injury. This holding is consistent with the well-established principle that "due to the beneficent purposes of the Mississippi Workers' Compensation Act, we construe the statutes liberally in favor of injured workers." ABC Mfg. Corp. v. Doyle, 749 So.2d 43, 47(¶ 17) (Miss.1999) (citations omitted). This result continues to ensure injured workers that, regardless of the financial status of the parties involved, they will always be provided compensation for their work-related injuries.
¶ 17. However, the employer's obligation to compensate an employee for the medical aggravation of a work-related injury also implicates the employer's right to receive reasonable notice of, and the opportunity to join in, any action between an employee and a third party which arises out of a compensable work-related injury. See Miss.Code Ann. § 71-3-71.
¶ 18. The circuit court determined that Brewer's paraplegia was a distinct, non-compensable injury, and therefore, Riverboat, Home Insurance, and MIGA were not entitled to intervene in Brewer's negligence *812 action. Having agreed with the Commission and found that the surgically induced paraplegia was proximately an aggravation of Brewer's work-related injury, we conclude that the circuit court erred in denying Riverboat, Home Insurance, and MIGA's motion to intervene in Brewer's negligence action against Dr. Dare and River Region.

II. Whether the employer and workers' compensation carriers are entitled to repayment of the amount of workers' compensation benefits paid by them to the employee from the net proceeds of any recovery made by the employee.
¶ 19. Section 71-3-71 provides that "[i]f such employer or insurer join in such action, they shall be entitled to repayment of the amount paid by them as compensation and medical expenses from the net proceeds of such action (after deducting the reasonable costs of collection)...."
¶ 20. Riverboat, Home Insurance, and MIGA argue that the plain language of the statute entitles them to repayment from the net proceeds of Brewer's negligence action. Additionally, they point the Court's attention to Miss. Power Co. v. Jones, 369 So.2d 1381, 1388 (Miss.1979) in which the Mississippi Supreme Court held that:
If there is [a] recovery in such [a] suit, the employer or compensation carrier who has paid compensation benefits is entitled to recover the amount paid as compensation benefits. If an employee were permitted to collect compensation benefits in addition to the amount recovered in a suit against a third party, the employee would thereby receive double recovery as to the compensation benefits collected from his employer or the carrier. Section 71-3-71 precludes double recovery by the injured employee by providing reimbursement to the employer or carrier for compensation benefits paid the injured employee.
¶ 21. Brewer argues that the employer and workers' compensation insurance carriers are not entitled to subrogation until the injured employee has been "made whole." It is Brewer's position that since her settlement was for less than the amount required to fully compensate her for her paraplegia, she has not received a double recovery and the Jones rationale is inapplicable. See Hare v. State, 733 So.2d 277 (Miss.1999). This argument, however, is not a complete reflection of the Hare decision.
¶ 22. The Hare court did in fact refuse to allow the employer to subrogate its benefit payments; however, the case is distinguishable from the facts involved in this appeal in that Hare did not involve monies recovered from a tortfeasor, and more importantly, the case did not involve statutory subrogation. As the Hare Court pointed out, there are two types of subrogation: (1) subrogation arising from an operation at law, and (2) subrogation arising from contract. Id. at 281-82. The Hare decision was based on contractual subrogation rather than statutory subrogation, and based on the Mississippi Supreme Court's rationale in that case, we find that Brewer's position is untenable.
¶ 23. The issues of unilateral contracts and bargaining power in negotiations were relevant to the contract at issue in Hare; however, these issues are absent from the workers' compensation statute. The legislature established the specific rights and obligations available to employers and employees under § 71-3-1 et seq., and the right to subrogation was expressly created. Sneed v. Verdun, 611 So.2d 947 (Miss. 1992); Litton Sys. Inc. v. Murphree, 301 So.2d 850 (Miss.1974).
*813 ¶ 24. Therefore, having previously determined that Brewer's paraplegia was an aggravation of her compensable, work-related injury, we find that the circuit court erred in denying Riverboat, Home Insurance, and MIGA the opportunity to intervene in Brewer's negligence action against Dr. Dare and River Region. Riverboat, Home Insurance, and MIGA have a statutory right of subrogation for monies paid to Brewer after she was made a paraplegic in December 1994. We remand this case to the circuit court for further proceedings consistent with this opinion.

III. Whether the trial court erred in its ruling that there was no requirement that the court approve the settlement reached in the negligence action.
¶ 25. Additionally, River Region and Dr. Dare argue that the circuit court erred in its ruling that there was no requirement that the settlement reached between Brewer and themselves in the negligence action be approved by the court. Conversely, Brewer maintains that since her paraplegia was not covered under the workers' compensation statute, there was no statutory requirement that the settlement be approved by the circuit court.
¶ 26. Section 71-3-71 provides that "[i]n case of settlement of any action before the trial thereof, such settlement shall be subject to the approval of the court wherein such action is pending and settlement before an action is brought shall be subject to the approval of the commission." The Mississippi Supreme Court has explained the rationale for the approval requirement:
The legislative purpose in requiring approval... of settlements of employees' claims against third party tort-feasors was to insure the protection of employees in their compensation rights, to prevent improvident and unwise releases of claims against such third parties, and to preserve the subrogation and indemnity rights of the employer or insurer against such third parties. The statute clearly prohibits such settlements without approval....
Powe v. Jackson, 236 Miss. 11, 22-23, 109 So.2d 546, 550 (1959).
¶ 27. Having found that Brewer's paraplegia was not covered by § 71-3-1 et seq., the circuit court determined that it was not required to approve the settlement. Both findings, however, were in error. As previously mentioned, Brewer's paraplegia was a compensable injury under the workers' compensation statute, and therefore, the settlement for the negligence action required approval for the reasons listed in Powe. In this case, the settlement was reached after the claim was filed in the circuit court. Therefore, the statutory approval requirement had shifted from the Commission to the circuit court. We find accordingly that because Brewer's paraplegia was covered under the workers' compensation statute, the circuit court's approval of the settlement reached between Brewer, River Region, and Dr. Dare is required before the settlement becomes enforceable.
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS REVERSED AND REMANDED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, AND BARNES, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.