659 So.2d 1234 (1995)
UNITED PARCEL SERVICE, etc., Appellants,
v.
Christopher WELSH and Helen Welsh, etc., et al., Appellees.
No. 94-931.
District Court of Appeal of Florida, Fifth District.
August 25, 1995.
*1235 Melissa Arony and Sutton G. Hilyard, Jr., of Eubanks, Hilyard, Rumbley, Meier & Lengauer, P.A., Orlando, for appellants.
Sheldon D. Stevens and Andrew W. Menyhart of Stevens, Peters & Greenfield, P.A., Merritt Island, for appellees.
THOMPSON, Judge.
United Parcel Service ("UPS") appeals an order denying its motion for summary judgment which was based on the affirmative defense of worker's compensation immunity. See Fla.R.App.P. 9.130(a)(3)(C)(vi). In their amended complaint, Christopher and Helen Welsh alleged that UPS's acts amounted to an intentional tort and, therefore, that UPS was not entitled to worker's compensation immunity. We reverse.
Christopher Welsh ("Welsh") was and is a driver for UPS. While he was making deliveries on his route, Welsh became ill because there was a package on his truck emitting noxious fumes. Welsh notified UPS that he was ill, that he wanted to see a doctor, and that he wanted to be relieved of his duties. Welsh was told by UPS to deliver the remaining packages or face termination and to air out his truck after the delivery. Welsh did as he was ordered. He completed his route, delivering the remaining 40 to 50 packages. Due to his exposure to the fumes, Welsh now suffers from pulmonary distress, attacks of bronchospasm, and diminished lung capacity.
Welsh filed for and obtained worker's compensation benefits. Four years after the exposure to the fumes, Welsh filed a lawsuit against UPS. In his amended complaint, Welsh alleged that his injuries resulted from an intentional tort committed by UPS in that UPS's behavior amounted to a deliberate intent to injure or, alternatively, that UPS's behavior was substantially certain to result in injury or death. UPS filed an answer and raised the affirmative defense of worker's compensation immunity, arguing that compensation under the Act was Welsh's exclusive remedy. See §§ 440.09(1), 440.11(1), Fla. Stat. (1991). UPS also filed a motion for summary judgment based upon this affirmative defense. The trial court denied the motion, and UPS appealed.
Section 440.11, Florida Statutes (1991), is the exclusive remedy for a worker's injury or death which occurs during the course and scope of the worker's employment. The purpose of the Worker's Compensation Act is to benefit both employers and workers by providing employers with a liability that is limited and determinative, and by providing workers with a remedy that is expeditious and independent of proof of fault. Florida Erection Servs., Inc. v. McDonald, 395 So.2d 203, 209 (Fla. 1st DCA 1981). The Act binds both the employer and the worker. See § 440.03, Fla. Stat. (1991). In this case, there is no dispute that Welsh received worker's compensation benefits and that he continues to receive them. Welsh argues, however, that he falls under an exception in the Florida law which allows him to sue UPS for behavior constituting an intentional tort. Under this exception, UPS's behavior must have been so egregious as to exhibit a deliberate intent to injure or engage in conduct which was substantially certain to result in injury or death. See Fisher v. Shenandoah Gen. Constr. Co., 498 So.2d 882, 883 (Fla. 1986). This standard required that Welsh's pleadings allege virtual certainty, and not merely a probability, that injury or death would result from UPS's conduct. See Lawton v. Alpine Engineered Prods., Inc., 498 So.2d 879, 880 (Fla. 1986). We conclude that the allegations of Welsh's amended *1236 complaint were insufficient to meet this standard.
In paragraph 54 of Welsh's complaint, Welsh alleged that UPS's behavior exposed him "to the potential and probable release of hazardous materials." In paragraph 58, which he was allowed to amend by interlineation on the morning of the summary judgment hearing, Welsh alleged that UPS "[knew] that said conduct was substantially certain to result in injury to [Welsh]." The Florida Supreme Court has found similar allegations insufficient to establish a prima facie showing that the employer committed an intentional tort. Lawton, 498 So.2d at 880; Fisher; 498 So.2d at 883-84. In doing so, the court stressed that the complaint must allege that the employer knew that injury or death was a virtual certainty, not that it was a strong probability. Id. Here, Welsh's complaint did not allege any ultimate facts to establish that injury or death was a virtual certainty. Cf. Connelly v. Arrow Air, Inc., 568 So.2d 448 (Fla. 3d DCA 1990), review denied, 581 So.2d 1307 (Fla. 1991); Cunningham v. Anchor Hocking Corp., 558 So.2d 93 (Fla. 1st DCA), review denied, 574 So.2d 139 (Fla. 1990). Accordingly, we reverse and remand with instructions for the trial court to enter a judgment in favor of UPS.
REVERSED and REMANDED with instructions.
HARRIS and GRIFFIN, JJ., concur.