TILLMAN PEARSON, Judge.
The appellant, David Preston, filed a complaint at law in the circuit court against Grant Advertising, Inc. In his complaint he alleged that he was employed by the defendant, and it chartered a vessel to be used in its advertising business. It was then alleged that the plaintiff was directed by the defendant to board the vessel for purpose of taking pictures to be used in the advertising business of the defendant. Thereafter the plaintiff was ordered by the defendant to go aloft in a bosun’s chair to take photographs of small boats in and about the bay in Nassau. It was set forth that the plaintiff was secured in the bosun’s chair by the master of the yacht, and that when he had been hoisted to a height of 35 feet the line under the chair parted and the plaintiff fell to the deck below.
To this complaint, the defendant addressed a motion to dismiss. The three grounds of the motion are as follows:
“1. For failure to state a cause of action.
“2. Lack of jurisdiction over the subject matter.
“3. It affirmatively appears from the complaint that the plaintiff's exclusive remedy is in Workman’s Compensation under F.S.A. 440, et seq., if any”
Upon hearing on the motion, the trial judge entered an order as follows:
“CONSIDERED, ORDERED AND ADJUDGED that the defendant’s motion to dismiss plaintiff’s complaint is hereby granted with prejudice at the cost of the plaintiff and that the defendant go hence without day.”
Within the time for filing a petition for rehearing, the plaintiff, appellant, filed a petition in which it was set forth that the court had orally indicated at hearing that the cause was to be dismissed on the ground that the cause of action was one to be tried exclusively in an admiralty jurisdiction and therefore the circuit court was without jurisdiction of the subject. The plaintiff prayed that he either be granted leave to amend, or the prejudicial dismissal be set aside. The court granted the petition and in a subsequent order set *221 aside the first order of dismissal but again dismissed the complaint, this time upon the ground of lack of jurisdiction over the subject matter.[1]
The plaintiff appeals and presents two points. The first urges that a state court of general trial jurisdiction has jurisdiction of the subject matter of a maritime tort; the second urges that it was error for the court to deny plaintiff the right of the opportunity to amend.
This appeal may be disposed of upon appellant’s first point, inasmuch as it is ■well settled that when a common-law action is brought in a state court to enforce rights peculiar to the law of admiralty there is concurrent jurisdiction of the federal and the state courts. See cases collected at 28 U.S.C.A. § 1333 n. 7. Therefore, the trial judge erred in holding that the circuit court had no jurisdiction of the subject matter.
The appellee admits this point of appellant’s brief and makes its attack upon the basis that under the appellate rules the appellant is not entitled to a review of the final judgment here appealed.
 It is urged first that the notice of appeal is defective because it designates two orders, the first being the final judgment which dismissed the complaint with prejudice and the second, the corrected final judgment entered on petition for rehearing. It has been heretofore determined if there are two final judgments in the same action they may be appealed in one notice of appeal. Drummond Blow Title Corp. v. Blatnick, Fla.App.1958, 157 So.2d 711. But this is not such a case. The only effective final judgment is the second judgment which dismissed the complaint without prejudice to pursue other remedies available to the plaintiff. Therefore, the mention of the first judgment was sur-plusage.
Appellee urges that the second judgment is not appealable because it was entered pursuant to appellant’s own motion; that is, the petition for rehearing. He points out that petition for rehearing contained only two prayers: (1) that the plaintiff be granted leave to amend and (2) that the prejudicial dismissal be set aside. He says that since appellant received relief upon one of his alternative prayers, he cannot complain of the judgment entered.
This argument does not follow because the appeal is not from that portion of the order which was changed on the motion of the appellant. It would be straining the office of a petition for rehearing to say that because some relief was gained under it, the moving party thereby is precluded from appealing that portion to which he did not agree in the first instance but which was not changed on the petition. We, therefore, hold that the appeal is properly before this Court.
It is well for us to consider the other grounds submitted by the appellee on the motion to dismiss since the lower court’s action might be sustained upon one of these grounds even though not well founded upon the ground actually expressed by the court. See Berkman v. Miami National Bank, Fla.App.1962, 143 So.2d 535.
The appellee, defendant, has urged in his motion to dismiss that the cause should be dismissed for its failure to state a cause of action and because the matter was one covered by the State’s Workmen’s Compensation Statute. The complaint, although brief, does state a cause of action upon the theory of the employer’s negligent failure to provide the plaintiff with a reason *222 -ably safe place to work. Bartholf v. Baker, Fla.1954, 71 So.2d 480.
The allegation of the defendant as 'to the Workmen’s Compensation Law is a ■ matter of defense and not properly the subject of a motion to dismiss. See Southeastern Title and Insurance Company v. Curtis, Fla.App.1963, 155 So.2d 855.
Having concluded that the trial court erroneously dismissed appellant’s complaint, 'the final judgment is reversed and the cause -remanded for further proceedings.
.Reversed and remanded.

. “IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED that the Court is without jurisdiction of the cause heroin, and that the Defendant’s Motion to Dismiss the Complaint is hereby granted without prejudice; Defendant go henee without day, and the Plaintiff may seek such other remedies as are available to him.”