437 So.2d 230 (1983)
Delores WALKER and Robert Walker, Husband and Wife, Appellants,
v.
I.T.D. INDUSTRIES, INC., a Florida Corporation, and Joseph J. O'Brien, Appellees.
No. 83-22.
District Court of Appeal of Florida, Second District.
September 14, 1983.
*231 Jim Cowan, St. Petersburg, for appellants.
Kathleen R. Hudson of Matusek, Ogden, McKnight & Hudson, St. Petersburg, for appellees.
BOARDMAN, Acting Chief Judge.
Plaintiffs Delores and Robert Walker appeal the dismissal with prejudice of their complaint against appellee/defendant I.T.D. Industries, Inc.[1] We reverse.
Appellants sued for damages due to Delores' disability and pain and suffering resulting from her exposure to chemical fumes on the job. The pertinent part of the complaint alleged:
6. That while acting within the scope of her employment, the Defendant [sic], Delores Walker, was exposed to unreasonably dangerous levels of chemical fumes in a poorly ventilated work area, said chemicals including but not limited to the following: Toluene, Ethyl Acetate, Methyl Ethyl Ketone, Isoprophyl [sic] Alcohol, Butyl Acetate, Methyl Cellosolve Acetate, Ethyl Alcohol, Tetrahydroxy Benophenone [sic], Dihydroxy Dimethoxy Benyophenone [sic], Toluene Diisocyanate Nonomer [sic], and N.P. Acetate.
I.T.D. filed a motion to dismiss, alleging that the trial court lacked subject matter jurisdiction and that the complaint failed to state a cause of action because the incident fell under Chapter 440, Florida Statutes (1979), the Workers' Compensation Act (the Act), which provides the exclusive remedy against the employer for an employee injured on the job. The trial court granted this motion. Appellant raises two points on appeal: (1) that the exclusivity provision of section 440.11[2] must be raised by an affirmative defense and not by a motion to dismiss, and (2) that section 440.11 does not provide immunity from suit to either an employee or coemployee for an act alleged to constitute either wilful and wanton misconduct or an intentional tort.
The complaint made no allegation regarding workers' compensation insurance coverage. In this situation, the exclusivity provision of 440.11 is an affirmative defense and cannot be raised by a motion to dismiss. See Hall v. Universal Dry Wall, Inc., 358 So.2d 1170 (Fla. 3d DCA 1978); Temples v. Florida Industrial Construction Co., 310 So.2d 326 (Fla. 2d DCA 1975); Preston v. Grant Advertising, Inc., 166 So.2d 219 (Fla. 3d DCA 1964); Southeastern Title & Insurance Co. v. Curtis, 155 So.2d 855 (Fla. 3d DCA 1963).
I.T.D. contends that the allegation in the complaint that Delores was acting within the scope of her employment is sufficient to bring her under the Act. However, while I.T.D. may be able to establish that Delores is covered by workers compensation insurance by filing an answer and affirmative defenses and any pertinent documents or affidavits and moving for summary *232 judgment or by proving this assertion at trial, we cannot consider this issue at this stage of the proceedings. I.T.D. relies heavily on the holding of our sister court in Marta v. Continental Manufacturing Co., 400 So.2d 181 (Fla. 4th DCA 1981). However, that case presents a different fact question and is distinguishable from the instant case. On the other hand, in Sullivan v. Liberty Mutual Insurance Co., 367 So.2d 658 (Fla. 4th DCA), cert. denied, 378 So.2d 350 (Fla. 1979), the same court noted in footnote 2 that the immunity provided under the Act would normally be the subject of an affirmative defense; however, in view of the allegation in the complaint involving the status of the carrier at the time of the injury, the court concluded that the defense could be asserted by a motion to dismiss. There is no such allegation to be found in the complaint in the instant case.
In view of our holding on appellants' first point and in view of the present posture of the case, we decline to address appellants' second point.
Accordingly, the order dismissing appellants' complaint is REVERSED and the cause REMANDED for further proceedings consistent with this opinion.
CAMPBELL and LEHAN, JJ., concur.
NOTES
[1] Joseph J. Brien, president of I.T.D., who was named as a party defendant, is not involved in this appeal.
[2] Section 440.11 provides that an employer's liability is limited to that imposed by the Act unless the employer "fails to secure payment of compensation" as required by chapter 440.