PER CURIAM.
Appellants challenge their convictions for possession of marijuana on the ground that they and their luggage were impermissibly detained at the Tampa Airport prior to seizure. Because the stipulated record fails to make clear the length of time which elapsed while the detectives were conducting a canine sniff test, we cannot determine whether the detention was justifiable on reasonable suspicion. See United States v. Place, - U.S. -, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983). However, we are convinced that the detailed information furnished by the Harlingen, Texas police sergeant, when coupled with appellants’ suspicious behavior, gave the detectives probable cause to arrest appellants even without a positive dog sniff. See Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). Hence, the detention and subsequent seizure were not illegal because appellants were already subject to arrest when they were advised that they were going to be detained.
AFFIRMED.
GRIMES, A.C.J., and DANAHY and CAMPBELL, JJ., concur.