WATSON, R.O., Associate Judge.
Appellant, Plaintiff, Tula Moucha, an employee of Appellee, Defendant, Dav-Gar Restaurants, Inc., and Defendant, St. Pe-tersburg Beverage Company, Inc., sued Defendant, Dav-Gar and Defendant, St. Pe-tersburg Beverage, on four counts of negligence following an assault on Plaintiff. The trial court granted Defendants’ motion to dismiss Plaintiff’s amended complaint on the ground that Plaintiff’s exclusive remedy is a claim for worker’s compensation benefits.
Section 440.11(1), Florida Statutes (1979) provides that an employers’ liability under Section 440.10, Florida Statutes (1979) is exclusive. Defendant is immune from tort liability to Plaintiff for her inju-nes if those injuries arose out of and in the course of Plaintiff’s employment. Sullivan v. Liberty Mutual Insurance Company, 367 So.2d 658 (Fla. 4th DCA 1979), cert. den. 378 So.2d 350 (Fla.1979).
 Worker’s compensation immunity is an affirmative defense and ordinarily is not properly raised by a motion to dismiss the complaint. Sullivan v. Liberty Mutual Insurance Company, 367 So.2d 658 (Fla. 4th DCA 1979). However, an affirmative defense appearing on the face of the complaint may be raised by a motion to dismiss the complaint. Rule 1.110(d), Florida Rules of Civil Procedure. Davis v. Sun First Nat. Bank of Orlando, 408 So.2d 608 (Fla. 5th DCA 1981).
The amended complaint does not contain any allegations regarding worker’s compensation insurance coverage. The exclusionary provision of Section 440.11, is an affirmative defense and cannot be raised by a motion to dismiss. Walker v. I.T.D. Industries, Inc., 437 So.2d 230 (Fla. 2nd DCA 1983); Gonzalez v. Addi Co., 444 So.2d 1132 (Fla. 4th DCA 1984).
The order dismissing Appellant’s complaint is reversed.
ORFINGER, C.J., and COWART, J., concur.