617 So.2d 1129 (1993)
Jose BARBOSA, Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Appellee.
No. 92-2644.
District Court of Appeal of Florida, Third District.
May 11, 1993.
Goldfarb & Gold, Miami, and Jonathan D. Wald, Miami Shores, for appellant.
Fine Jacobson Schwartz Nash & Block, and A. Blackwell Stieglitz, Miami, for appellee.
Before BASKIN, GERSTEN and GODERICH, JJ.
PER CURIAM.
Appellant, Jose Barbosa (Barbosa), appeals a summary judgment in favor of appellee, Liberty Mutual Insurance Company (Liberty Mutual). We affirm.
Barbosa, during the course of employment, fell from a ladder. Liberty Mutual was the workers' compensation carrier for Barbosa's employer. After receiving workers' compensation benefits, Barbosa sued Liberty Mutual pursuant to section 440.39(7), Florida Statutes (1987). Barbosa alleged that Liberty Mutual breached its statutory duty to cooperate in the investigation of a third-party products liability claim against the ladder's manufacturer.
Barbosa informed Liberty Mutual of the potential third-party products liability claim and made several requests for assistance to inspect the ladder. Barbosa did not contact the employer directly. Liberty Mutual, which never possessed the ladder, neither produced nor arranged for its inspection. Ultimately, the employer left Florida and the ladder could not be located.
Section 440.39(7), imposes a duty on the carrier to cooperate with the employee "in investigating and prosecuting claims and potential claims against third-party tortfeasors by producing nonprivileged documents and allowing inspection of premises...." While there is liability for the *1130 destruction of evidence when the holder of the evidence has a statutory duty to preserve it, Bondu v. Gurvich, 473 So.2d 1307 (Fla. 3d DCA 1984), review denied, sub nom. Cedars of Lebanon Hospital Care Center, Inc. v. Bondu, 484 So.2d 7 (Fla. 1986), section 440.39(7), does not impose a duty on a carrier to preserve and produce evidence which was never in its possession.
We find that section 440.39(7), is "plain and unambiguous and it should be construed within its four corners." Fidelity & Casualty Co. of N.Y. v. Bedingfield, 60 So.2d 489, 495 (Fla. 1952). Judicial interpretation is not appropriate here. Holly v. Auld, 450 So.2d 217 (Fla. 1984). We decline to expand the carrier's duty to acquire and preserve evidence that was not in its custody, especially when nothing prevented appellant from making his own inspection. Accordingly, we affirm.
Affirmed.