689 So.2d 276 (1995)
GENERAL CINEMA BEVERAGES OF MIAMI, INC., d/b/a Pepsi Cola Bottling Company of Florida, Appellant,
v.
Timothy MORTIMER and Glenda Mortimer, Appellees.
No. 94-829.
District Court of Appeal of Florida, Third District.
November 15, 1995.
*277 Wilson, Elser, Moskowitz, Edelman & Dicker, and Alan Fiedel, Miami, for appellant.
Thomas J. McLaughlin, Miami, for appellees.
Before COPE, LEVY and GERSTEN, JJ.
COPE, Judge.
General Cinema Beverages of Miami, Inc. appeals an order denying its motion to dismiss on the basis of workers' compensation immunity. We affirm.

I.
According to the amended complaint, appellee-employee Timothy Mortimer worked as a salesman for appellant-employer General Cinema Beverages of Miami, Inc., which does business as Pepsi Cola Bottling Company of Miami. While the employee was on vacation, the employer put new Goodyear tires on the company's pickup truck, which the employee used to carry out his job duties. On May 3, 1990, the employee returned from vacation. At 7:30 a.m. the employee was driving the pickup on an expressway when one of the new tires blew out, causing an accident in which the employee was seriously injured.
The employee filed suit against the employer for spoliation of evidence. He alleged that he asked the employer to preserve the truck and tires for use as evidence in a suit he intended to bring against Goodyear for products liability for a defective tire. He asserted that subsection 440.39(7), Florida Statutes (1989), imposes a statutory duty on the employer to cooperate with an employee in investigating and prosecuting claims against a third-party tortfeasor. The employee alleged that the employer breached this duty by disposing of the pickup truck and tires without consulting him, thus depriving him of his opportunity to prove his claim against Goodyear.[1]
The employer moved to dismiss on the basis of workers' compensation immunity, because the statute relied on by the employee is part of the workers' compensation law. The employer contended that the statute does not create any duty for the employer to preserve evidence that may be needed for a products liability action against a third party. The employer asserted that in the absence of a statutory duty, there was no basis on which to impose liability on the employer and that the employer was entitled to workers' compensation immunity as a matter of law.[2]
The trial court denied the employer's motion to dismiss. The employer has appealed this nonfinal order as being one which determines that "a party is not entitled to workers' compensation immunity as a matter of law." Fla.R.App.P. 9.140.

II.
As a preliminary matter, the employee argues that the defense of workers' compensation immunity can never be raised by motion to dismiss but can only be raised by motion for summary judgment. For this proposition the employee relies on Preston v. Grant Advertising, Inc., 166 So.2d 219 (Fla. 3d DCA 1964), and Walker v. I.T.D. Industries, Inc., 437 So.2d 230 (Fla. 2d DCA 1983).
Establishment of workers' compensation immunity usually requires the employer to bring forth facts from outside the four corners of the complaint, which necessarily requires a motion for summary judgment. The rule is otherwise, however, if the defense of workers' compensation immunity appears on the face of the complaint.
Florida Rule of Civil Procedure Rule 1.110(d) states, "Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion ... under *278 Rule 1.140(b) [governing motions to dismiss]...." The purpose of the rule is
"... to permit a motion to dismiss for failure to state a cause of action to take advantage of an affirmative defense appearing on the face of the pleading to which the motion is directed. If the pleader affirmatively shows that he has no claim in his pleading, the claim should be disposed of at the earliest possible stage...."
30 Fla.Stat.Ann. 76 (1985) (1954 subcommittee note).
In an appropriate case, an employer may rely on Rule 1.110(d) to raise the defense of workers' compensation immunity:
Worker's compensation immunity is an affirmative defense and ordinarily is not properly raised by a motion to dismiss the complaint. However, an affirmative defense appearing on the face of the complaint may be raised by a motion to dismiss the complaint.
Moucha v. Burger King Corp., 450 So.2d 335, 336 (Fla. 5th DCA 1984) (citations omitted); see also Eiler v. Camp Dresser & McKee, Inc., 542 So.2d 441, 442 (Fla. 5th DCA 1989).[3]
In the unusual circumstances of the present case, the legal issue raised by the employer clearly appears on the face of the employee's complaint. That is so because the employee has brought suit against the employer based on section 440.39, Florida Statutes. This provision of the workers' compensation law applies solely to employees who have received workers' compensation benefits. The statute states, in part:
(1) If an employee, subject to the provisions of the Workers' Compensation Law, is injured ... in the course of his employment by the negligence or wrongful act of a third-party tortfeasor, such injured employee... may accept compensation benefits under the provisions of this law, and at the same time such injured employee... may pursue his remedy by action at law or otherwise against such third-party tortfeasor.

§ 440.39(1), Fla.Stat. (1989) (emphasis added). See generally Holmes County School Board v. Duffell, 651 So.2d 1176, 1178 (Fla. 1995).
The employee's reliance on section 440.39 sufficiently establishes that his injury was covered by workers' compensation. That being so, the employer normally would be entitled to workers' compensation immunity unless the employee has properly alleged a claim against the employer arising under section 440.39. The employer's motion to dismiss asserts that as a matter of law, the employee's amended complaint does not allege a cognizable cause of action under section 440.39. The employer's motion to dismiss thus raise an issue which appeared on the face of the amended complaint. Consequently it was proper for the employer to raise the issue by motion to dismiss.

III.
Apart from the procedural question of the propriety of a motion to dismiss, the legal issue presented in the trial court was whether subsection 440.39(7)'s duty of cooperation created a separate basis of liability for an employer who would otherwise enjoy workers' compensation immunity.[4] Subsection 440.39(7) provides:
(7) The employee, employer, and carrier have a duty to cooperate with each other in investigating and prosecuting claims *279 and potential claims against third-party tortfeasors by producing nonprivileged documents and allowing inspection of premises, but only to the extent necessary for such purpose. Such documents and the results of such inspections ... shall not be used or disclosed for any other purpose.
(Emphasis added). The employee alleges that the employer breached its duty of cooperation by unilaterally disposing of the pickup and tires after he had made a request for preservation of those items for purpose of making a third-party products liability claim.
The employer moved to dismiss, arguing that the statutory duty of cooperation does not require the employer to cooperate in the preservation of evidence. Accepting the complaint as true, the employer points out that the statute speaks only of production of nonprivileged documents and allowing inspection of premises. The employer reads the statutory duty to cooperate to encompass that much and no more. Since the statute does not mention any specific obligation to preserve evidence, the employer argues that as a matter of law there can be no claim against it for spoliation of evidence. The employer urges that it is accordingly entitled to workers' compensation immunity.
The employer's reading of the statute, while permissible, is too narrow. The point of section 440.39 is to preserve causes of action against third-party tortfeasors and to impose a duty of cooperation to that end. This must necessarily include a duty to preserve evidence, at least where, as here, there has been a timely request for preservation. Cf. Barbosa v. Liberty Mutual Insurance Co., 617 So.2d 1129 (Fla. 3d DCA 1993) (suggesting existence of legal duty to preserve evidence under Section 440.39, but not on the particular facts there presented). To hold otherwise would frustrate the purpose of the statute. The statutory enumeration of specific dutiesproduction of documents and access to premisesmust be read as a nonexclusive list. Cf. Southeast Recycling Corp. v. McClure, 658 So.2d 670 (Fla. 1st DCA 1995) (construing section 440.39 to require production of machinery for testing despite the fact that production of machinery is not an enumerated duty).
We conclude that the employer's motion to dismiss was correctly denied.

IV.
For the first time on appeal, the employer raises a new issue: the contention that the employee's lawsuit is not ripe for adjudication. The employer states that the employee has never filed suit against Goodyear for products liability. The employee's answer brief concedes that he filed no such suit. The employer argues that the pending lawsuit cannot proceed unless and until the employee sues Goodyear. The employer's argument finds support in this court's recent decision in Miller v. Allstate Insurance Co., 650 So.2d 671 (Fla. 3d DCA), rev. denied, 659 So.2d 1087 (Fla.1995), and the cases cited therein.
The problem is that the employer never raised this argument in the trial court. Consequently it is not properly before us in this appeal. Our affirmance is without prejudice to the employer to raise the issue in the trial court by an appropriate motion.[5]
Affirmed.
NOTES
[1] The employee sought from the employer the tort damages he contends he would have recovered from the manufacturer but for the loss of the evidence. The employee's wife made a corresponding claim for loss of consortium damages she asserts would have been recovered in a suit against the manufacturer.
[2] The employer also filed affidavits asserting that it had fully cooperated with employee and gave advance notice to the employee prior to disposing of the pickup. Since the employer was proceeding by motion to dismiss, the trial court correctly excluded the affidavits from consideration.
[3] It is clear from the facts of Walker, 437 So.2d at 231-32 and Preston, 166 So.2d at 221-22, that the complaints in those cases did not state the facts necessary to show the existence of a workers' compensation defense. Those cases do not preclude an employer from relying on Rule 1.140(d)if the workers' compensation immunity issue appears on the of the complaint. See also Hall v. Universal Dry Wall, Inc., 358 So.2d 1170, 1170-71 (Fla. 3d DCA 1978) (after noting lack of allegations in complaint regarding plaintiff's employment status, court held workers' compensation immunity defense could not be raised by motion to dismiss).
[4] Section 440.39 allows the employee one year within which to bring a lawsuit against a third-party tortfeasor. Id. § 440.39(4)(a), Fla.Stat. (1989). If the employee does not do so, the employer or its workers' compensation insurer is allowed one year within which to file such a third-party lawsuit. Id. If no lawsuit is filed by the employer or his insurer, then the right to sue reverts to the employee. Id. § 440.39(4)(b). Regardless of who files the suit, the employee and employer (or insurer) share any recovery pro rata in accordance with a statutory formula. Id. § 440.39(3)-(4).
[5] Assuming that the "ripeness" or "failure to sue manufacturer" issue had been raised below, there would be a question whether that issue is within this court's jurisdiction on interlocutory appeal under Rule 9.130(a)(3)(C)(vi). See Ramos v. Univision Holdings, Inc., 655 So.2d 89 (Fla. 1995). We need not reach that jurisdictional question in this appeal.