PATTERSON, Judge.
Marjorie Roberts, individually, and as the representative of her husband Ethan and her children, Andrew and Steven (collectively, Roberts), sued Cadco Builders, Inc. (Cadco), and Joseph Catanzariti, individually, and as an officer and director of Cadco, for injuries Ethan suffered on a construction site. The trial court dismissed the complaint with prejudice. We reverse.
Ethan suffered serious injuries when he fell sixteen feet from a ladder to a marble floor below. Roberts sued in a fifteen-count complaint and asserted in the alternative that Ethan was an employee of Cadco or an independent subcontractor. The complaint, under these alternative theories, attempts to avoid the workers’ compensation immunity provided in section 440.11, Florida Statutes (1991), as to both Cadco and Catanzariti.
The defendants each filed motions to dismiss, asserting that immunity. At the hearing on the motions, Roberts’ counsel advised the court that Ethan had previously filed a workers’ compensation claim against Cadco, pursuant to chapter 440, and that the judge of compensation claims had stayed the proceeding. Roberts’ counsel explained that Cadco had asserted the defense that Ethan had exempted himself from the operation of chapter 440 by filing with the Florida Workers’ Compensation Division a notice of election to be exempt from the Florida Workers’ Compensation Law. Roberts’ counsel argued that Cadco should be estopped from asserting a contrary position in this case. The trial court disagreed and dismissed the action.
It is the general rule that workers’ compensation immunity is an affirmative defense which cannot be raised in a motion to dismiss. Eiler v. Camp Dresser & McKee, Inc., 542 So.2d 441 (Fla. 5th DCA 1989); Walker v. I.T.D. Indus., Inc., 437 So.2d 230 (Fla. 2d DCA 1983). An exception to the rule is where the defense appears on the face of the complaint. General Cinema Beverages of Miami, Inc. v. Mortimer, 689 So.2d 276 (Fla. 3d DCA 1995). This case does not fall within the exception. Properly pleaded, Cadco and Catanzariti may answer and raise workers’ compensation immunity as an affirmative defense. Roberts may then plead her estoppel theory in avoidance in the form of a reply. With the pleadings thus properly framed, the case may proceed to summary judgment or trial.
Reversed and remanded.
SCHOONOVER, A.C.J., and WHATLEY, J., concur.