780 So.2d 275 (2001)
GRAND HALL ENTERPRISE CO., LTD., etc., Ken Larson, Inc., d/b/a Hurricane Products, Inc., etc., Appellants,
v.
Walter MACKOUL, and Jacqueline Mackoul, Appellees.
Nos. 3D00-1912, 3D01-12.
District Court of Appeal of Florida, Third District.
March 7, 2001.
Rehearing Denied April 11, 2001.
*276 Richard A. Sherman, and Rosemary B. Wilder, Fort Lauderdale; and Adorno & Zeder, and Gregory A. Victor, and Eric S. Kleinman, Miami, for appellants.
DeMahy, Labrador & Drake, and Kenneth R. Drake, Coral Gables, and Max R. Price, Miami, for appellees.
Before JORGENSON, COPE, and RAMIREZ, JJ.
PER CURIAM.
Grand Hall Enterprise Co. Ltd. and Hurricane Products, Inc. appeal a final judgment in favor of plaintiff, Walter Mackoul, entered after a jury trial on this products liability case. We find no error in the issues raised by Grand Hall and Hurricane Products, and thus affirm.
Mackoul was seriously injured when his barbecue grill's gas tank leaked from the regulator vent and the heat from the grill ignited the gas. Nine months after the accident, Mackoul's expert inspected the regulator by disassembling it. He took photographs of the disassembly process before and during the disassembly, and made a videotape of most of the disassembly.
The main issue Grand Hall and Hurricane Products advance is that they are entitled to sanctions based on the spoliation of the evidence. Grand Hall and Hurricane Products, however, have cited no case in which the mere disassembly of a product supports sanctions on the basis of a spoliation argument. In DePuy, Inc. v. Eckes, 427 So.2d 306 (Fla. 3d DCA 1983), this Court recognized that drastic sanctions, including a default, are appropriate when a defendant who has been ordered not to destroy evidence does, in fact, alter or destroy critical physical evidence, and when the plaintiff demonstrates an inability to proceed without such evidence. And, in Rockwell Int'l. Corp. v. Menzies, 561 So.2d 677 (Fla. 3d DCA 1990), the defendant violated a court order which prohibited the alteration or destruction of the evidence. We held that the defendant's intentional destruction and loss of two bolts justified striking the defendant's pleadings and the entry of a default on liability, where the plaintiff could not rebut the testimony of the defendant's expert due to the destruction of the bolts. Although DePuy and Rockwell, supra, dealt with the destruction of evidence by defendants, the same principles apply to the destruction of evidence by plaintiffs. In this case, there was no violation of a court order in which Mackoul was ordered not to destroy evidence and there was no intentional destruction or loss of physical evidence. In fact, all of the parts recovered after the fire were introduced into evidence at trial and Grand Hall's and Hurricane Products' expert, as well as the jury, were given the opportunity to inspect the parts.
Therefore, Grand Hall's and Hurricane Products' spoliation argument is meritless, as are all other arguments advanced by them in this appeal.
Affirmed.