964 So.2d 777 (2007)
Justo Carlos PEREZ, et al., Appellants,
v.
LA DOVE, INC., Appellee.
No. 3D05-2597.
District Court of Appeal of Florida, Third District.
September 12, 2007.
Culmo & Culmo and Elisabeth M. Culmo; Silva & Silva, for appellants.
Higer Lichter & Givner and Michael J. Higer, Miami, for appellee.
Before SHEPHERD, J., and SCHWARTZ and FLETCHER, Senior Judges.
SHEPHERD, J.
Justo Carlos Perez, his wife, and their two children appeal an order dismissing their complaint for spoliation of evidence filed against Justo's employer, La Dove, Inc., for La Dove's failure to preserve a forklift, which traveled off the end of a La Dove loading dock with Justo aboard, crushing and rendering him a paraplegic. Barred from suing La Dove by Florida's workers' compensation laws, the Perezes pursued and settled a negligent repair action against R & R Industrial Trucks, Inc., the company responsible for the routine service and maintenance on the forklift. The basis of the complaint against R & R Industrial was that a malfunction in the vehicle's braking or transmission system caused the accident.
The gravamen of the Perezes' complaint in this case is that their recovery against R & R was substantially impaired by La Dove's failure to preserve the forklift for *778 Perez's benefit. According to the complaint, La Dove Vice President, Michael Bass, the company representative present the day of the accident, was "[admittedly] aware that a lawsuit could extend from the accident," yet called R & R to take possession of the forklift for inspection, repair, and refurbishment immediately after police cleared the scene. At no time during the two-week repair period did Perez or any agent ask La Dove to preserve the forklift. Given the severity of the accident, Perez probably had limited ability to make such a request.
In this case we again probe an area of the law we never cease to probeemployer immunity under Florida Workers' Compensation Law, sections 440.01-50, Florida Statutes (2001). Section 440.11 of the Florida Statutes (2001), entitled "Exclusiveness of liability," provides general immunity from litigation resulting from on-the-job injuries for an employer who secures the required compensation for his employees. However, section 440.01 also contains several well understood, express exceptions to employer immunity, including situations where the employer "fails to secure payment as required by this chapter," § 440.11(1)(a), Fla. Stat. (2001); "[w]hen an employer commits an intentional tort that causes the injury or death of the employee," § 440.11(1)(b), Fla. Stat. (2001); or where managerial employees commit "violation of a law, whether or not a violation was charged, for which the maximum penalty which may be imposed does not exceed 60 days' imprisonment. . . ." § 440.11(1)(b).
Twelve years ago in General Cinema Beverages of Miami, Inc. v. Mortimer, 689 So.2d 276, 278 (Fla. 3d DCA 1995), we found for the first time in a different section of the Florida Workers' Compensation Law, section 440.39(7), Florida Statutes (1989), an additional, implied exception to employer immunity to allow an action by a covered employee against his employer for negligent destruction of evidence where his recovery against a third-party tortfeasor is alleged to have been substantially impaired by the employer's failure to preserve necessary evidence for use in that action"at least where . . . there has been a timely request for preservation." Id. at 279. In General Cinema, the employee alleged that, despite being requested to do so, his employer failed to preserve a new tire that allegedly blew out on a truck operated by the employee, making it impossible for the employee to sue the manufacturer for injuries suffered in the accident.[1]
Four years later, in Builder's Square v. Shaw, 755 So.2d 721, 724 (Fla. 4th DCA 1999), the Fourth District Court of Appeal extended General Cinema to cases in which a request for preservation has not been made, but "when the circumstances *779 are such that [the employer] should have known that certain evidence could conceivably be critical to an employee's claim." In Builder's Square, the employee was injured as a result of a fall from a ladder. He did not request the ladder be retained. Builder's Square then disposed of it, which, according to the employee, forced him to accept an inadequate $250,000 settlement from the ladder manufacturer. Approving a jury verdict for spoliation of evidence against Builder's Square, the court opined, "Before it proceeded to dispose of any of [the ladders,] the statutory duty of cooperation with its injured employee [under section 440.39(7) of the Florida Statutes] should certainly have suggested that it consult with the employee." Id. As the Perezes urge in this case, the Fourth District Court of Appeal apparently imputed to the employer a commonly perceived truth of the times that litigation arising out of the accident was "foreseeable," if not inevitable, and hence the employer had a duty under section 440.39(7).
Although an early leader in formally recognizing and articulating the existence of a cause of action for "negligent destruction" or "spoliation" of evidence, see Continental Ins. Co. v. Herman, 576 So.2d 313, 315 (Fla. 3d DCA 1990), we decline the Perezes' invitation to further extend this implied exception to employer immunity. We reach this conclusion for three reasons.
First, the purpose of a spoliation claim generally is not served by permitting suit where no notice is given. The genesis of the cause of action was the need to deter the recalcitrant defendant who attempts to unfairly deprive a plaintiff and court access to damning evidence.[2]See Humana Worker's Comp. v. Home Emergency Servs., 842 So.2d 778, 781 (Fla.2003)("Negligent spoliation of evidence is a tort claim based on a defendant's breach of a duty to preserve evidence."); Lincoln Ins. Co. v. Home Emergency Servs., 812 So.2d 433, 434 (Fla. 3d DCA 2001)(recognizing spoliation as an independent cause of action for negligence "where a party is unable to prove [its] case due to the loss or destruction of key evidence"). In fact, barring the rare case where the employer has engaged in intentional conduct, it is neither in the legal nor financial interest of the employer to dispose of evidence to protect a third party such as R & R to the detriment of its employee. To the contrary, section 440.39(7) contemplates the employer and employee cooperating to seek their respective entitlements from third parties. See § 440.39(3), Fla. Stat. (2001)(treating, inter alia, combined subrogation and third-party actions by employees and employers). The deterrence goal that animates a spoliation claim is not present in these cases.
Second, Perez already received full compensation from the employer. According to our Florida Supreme Court, which many times has considered Florida's Workers' Compensation Law, including its constitutionality, "Workmen's compensation abolished the right to sue one's employer in tort for a job-related injury, but provided adequate, sufficient, and even preferable safeguards for an employee who is injured on the job, thus satisfying one of the exceptions to the rule against abolition of the right to redress for an injury [found in Florida's right to Access to Courts, Art. I, section 21, Florida Constitution]." Kluger v. White, 281 So.2d 1, 4 (Fla.1973). We are wary of sanctioning or extending implied end runs around the legislatively *780 authorized exceptions to employer immunity found in section 440.11 of the Florida Statutes. The Florida legislature has shown itself fully up to the task of managing the exclusivity provision of this state's Workers' Compensation Law.
Finally, the Perezes point out that limiting spoliation claims to those who have requested the evidence be preserved creates an inequity for plaintiffslike Justo herewho are hampered in their ability to request preservation. This argument misses the point. The essential reason for a spoliation claim is its deterrent effect on miscreant defendants. This purpose is served only when an actual duty owed by a defendant to a plaintiff has been willfully or recklessly disregarded. See Grand Hall Enter. Co. v. Mackoul, 780 So.2d 275, 276 (Fla. 3d DCA 2001)(finding no basis to award sanctions based on a spoliation allegation where the defendant had not intentionally destroyed the evidence and was not under a court order to preserve the evidence); Pennsylvania Lumberman's Mut. Ins. Co. v. Fla. Power & Light Co., 724 So.2d 629, 630 (Fla. 3d DCA 1998)(holding that no spoliation claim existed where the defendant "was not under any statutory or contractual duty to maintain or preserve the transformer in question" and no evidence showed the defendant received actual notice before destroying the transformer). That is not the case here. In fact, permitting the pursuit of this action by the Perezes would be little more than authorizing the pursuit of a triple recovery.
Affirmed.
NOTES
[1] Section 440.39(7) states:

The employee, employer, and carrier have a duty to cooperate with each other in investigating and prosecuting claims and potential claims against third-party tortfeasors by producing nonprivileged documents and allowing inspection of premises, but only to the extent necessary for such purpose. Such documents and the results of such inspections are confidential and exempt from the provisions of s. 119.07(1), and shall not be used or disclosed for any other purpose.
(Emphasis added.)
In General Cinema, we rejected the employer's argument that read textually and in context, the statute did not regulate the relationships between employee and employer, but rather simply required cooperation inter se when jointly pursuing recovery against a third party, and further that it did not proscribe the alleged offending conduct by the employer at issue in the case. General Cinema, 689 So.2d at 279 ("The employer's reading of the statute, while permissible, is too narrow.").
[2] The concept of spoliation derives from the Latin phrase "contra spolatorem omnia praesumuntur," meaning "all things presumed against the destroyer." Maria A. Losavio, Synthesis of Louisiana Law on Spoliation of Evidence-Compared to the Rest of the Country, Did We Handle it Correctly?, 58 La. L.Rev. 837, 848 (1998).